STATE of Minnesota, Respondent,

v.

Betty CROMEY, Appellant.

No. CO-82-1489.

Supreme Court of Minnesota.

June 1, 1984.

C. Paul Jones, State Public Defender, Kathy King, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Thomas J. Foley, Ramsey County Atty., Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

WAHL, Justice.

Defendant was charged by indictment with first-degree premeditated murder, second-degree intentional murder, and second-degree felony murder, Minn.Stat. §§ 609.-185(1), 609.19(1), (2), and 609.221 (1982), in the beating death of her 6-week-old daughter. The trial court granted a defense motion for judgment of acquittal on the charge of first-degree premeditated murder, and defendant was found guilty by jury verdict of second-degree murder. The trial court sentenced defendant to 112 months in prison, which was within the presumptive sentence range for a severity level X offense by a person with a criminal history score of zero. Defendant appeals. We affirm the judgment of conviction but remand for resentencing.

1. Defendant's first contention relates to the admission of certain statements that she made to the police. Police talked with defendant on a number of occasions: at her house on December 25, which was the day that the baby died, and on December 28; at a hospital on December 29, after defendant was taken into protective custody because of fears that she might kill herself; and at the police station on January 6, 1982, after she was indicted and arrested. *Miranda* warnings were given and waivers obtained only at the two interrogation sessions on January 6. Defense counsel challenged the admissibility of the December 28 and December 29 statements at the omnibus hearing but impliedly conceded the admissibility of the January 6 statements. The trial court admitted all of defendant's statements except one given in response to an express question on December 29. On appeal, defendant contends (a) that the other statements made on December 29 should have been suppressed because they were made in response to conduct by police designed to elicit incriminating statements, *see Rhode Island v. Innis*, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980), and (b) that the statements made on January 6 should have been suppressed because they were obtained after defendant was indicted and the right to counsel had attached.

On the record before us we find that defendant's express waivers on January 6 were valid. *State v. Kivimaki*, 345 N.W.2d 759 (Minn.1984). We need not decide the issue of whether the statements given on December 29 at the hospital were volunteered, as the trial court concluded, or made in response to conduct designed to elicit incriminating statements, as defendant argues. These statements were not as damaging by far as the statements she gave on January 6. On December 29 she still maintained her innocence, whereas on January 6 she confessed wrongdoing. Thus, even if the trial court erred in denying the motion to suppress all of the statements made on December 29, the error was not prejudicial.

2. We also do not decide defendant's contention that the trial court erred in allowing the pathologist to testify that the "manner of death" was "homicidal." No timely or specific objection to this evidence was ever made, nor was a clarifying instruction to the jury requested. The issue has been waived for purposes of appellate review. *State v. Russell*, 330 N.W.2d 459 (Minn.1983).

3. Defendant's next contention is that the evidence was insufficient to establish felony murder, a contention she bases on the fact that the felony underlying the charge of felony murder was assault. Defendant contends that we should establish a requirement that a felony cannot support a conviction of felony murder unless the felony is independent of the homicide, as would be the case with robbery or burglary but is not the case with assault. We recently rejected an identical argument in *State v. Jackson*, 346 N.W.2d 634 (Minn. 1984).

4. Defendant's final contention is that her sentence should be reduced pursuant to the recent action of the Sentencing Guidelines Commission reclassifying felony murder as a severity level IX offense rather than a severity level X offense. Because it is not possible to tell from the general guilty verdict whether the jury

found defendant guilty of intentional murder, a severity level X offense, or of felony murder, a severity level IX offense, fairness dictates that it be considered the lesser of the two. We remand the case to the trial court for resentencing as a severity level IX offense. In all other respects the judgment is affirmed.

Affirmed as modified and remanded for resentencing.