UNITED STATES of America, Appellee,

v.

Thomas PILLOW, Appellant.

No. 87–1411.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 12, 1988.

Decided March 21, 1988.

Rehearing Denied April 22, 1988.

Dorian Amon, St. Louis, Mo., for appellant.

Michael Reap, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before LAY, Chief Judge, and McMILLIAN and ARNOLD, Circuit Judges.

McMILLIAN, Circuit Judge.

Thomas Pillow appeals from a final judgment entered in the District Court[1] for the Eastern District of Missouri, after a bench trial, finding him guilty of possession of cocaine with intent to distribute (count I), in violation of 21 U.S.C. § 841(a)(1), and possession of marijuana (count II), in violation of 21 U.S.C. § 844. The district court sentenced appellant to three years imprisonment and a special parole term of three years for count I and a suspended sentence and five years probation on count II. For reversal, appellant argues (1) his conviction was based upon the perjured testimony of the arresting police officer and (2) the district court erred in denying his motion to suppress certain physical evidence. For

1. The Honorable James H. Meredith, United States Senior District Judge for the Eastern District of Missouri.

the reasons discussed below, we affirm the judgment of the district court.

The government's principal witness was the arresting police officer, Timothy Lachenicht. Lachenicht testified that about one week before April 15, 1986, he received information from an informant that appellant was selling narcotics out of his car, a blue Cadillac with a certain license number, and that appellant was usually armed. The informant also told Lachenicht where a particular friend of appellant's lived and where appellant worked. On the morning of April 15, 1986, the informant repeated this information to Lachenicht. Later that day, while on patrol, Lachenicht (somewhat fortuitously) saw a blue Cadillac run a stop sign. The car pulled over in response to Lachenicht's signal. When he pulled up behind the stopped car, Lachenicht noticed that the license plate number matched the one given to him by the informant.

As Lachenicht approached the car, he observed appellant remove a gun from his waistband, toss it into a briefcase on the front seat, and close and lock the briefcase. Lachenicht then arrested appellant for unlawful use of a weapon. Lachenicht asked appellant (rather unwisely, in our view) to open the briefcase so he could retrieve the gun. Appellant at first refused to do so, but he later consented to unlock the briefcase. After appellant unlocked the briefcase, Lachenicht seized the gun, noting that it was on top of a green money bag. Appellant then closed and locked the briefcase and refused to open it again without a search warrant. Another police officer detained appellant while Lachenicht moved appellant's car a short distance down the street for traffic safety reasons.

Lachenicht subsequently obtained a state search warrant for the briefcase. The search warrant affidavit included the informant's information about appellant and stated that the informant had provided reliable information in the past. The affidavit also described the money bag Lachenicht had seen in the briefcase. Lachenicht searched the briefcase and discovered drug paraphernalia, cash, and small amounts of cocaine, marijuana, and substances used to dilute cocaine. Lachenicht testified that he did issue appellant a ticket for running the stop sign, but he was unable to account for the disposition of the ticket.

Appellant testified that he did not run the stop sign, that he was never issued a ticket for running the stop sign, and that when Lachenicht pulled him over, Lachenicht thoroughly searched his car from the glove compartment to the trunk. Appellant testified that his gun was at all times in his briefcase and that Lachenicht and the second police officer searched the briefcase at the time of the stop. According to appellant, the police officers arrested him after they searched his briefcase and then took him to the police station.

Appellant moved to suppress the gun and other items seized from his briefcase on the grounds that (1) the initial stop was pretextual, (2) the search warrant affidavit was insufficient because it was based on information provided by an unreliable informant, and (3) the search warrant lacked specificity. After both sides presented evidence, the district court denied the motion to suppress, finding that Lachenicht had probable cause to stop the car after it ran the stop sign, that Lachenicht properly seized the gun, and that the search warrant was valid. The district court then found appellant guilty on both counts. This appeal followed.

Appellant first argues that Lachenicht lied about the circumstances surrounding the stop, the seizure of the gun, and the search of the briefcase. Appellant cites to numerous discrepancies in Lachenicht's testimony, specifically his testimony that appellant ran the stop sign, the location of the stopped car, where and when the arrest occurred, and the circumstances surrounding the search and seizure of the gun and the briefcase. However, in order to vacate the judgment and sentence on the ground that the government used perjured testimony, appellant must establish both the use of perjured testimony and knowledge by the government at the time the testimony was used that it was perjured. *See, e.g., United States v. Daniels,* 723 F.2d 31, 33 (8th Cir.1983) (per curiam). At

most, appellant has pointed out certain inconsistencies in Lachenicht's testimony and between Lachenicht's version of the events and his own. Even assuming that Lachenicht's testimony about the stop, arrest and search was false, appellant's argument must fail because there was no showing, at trial or on appeal, that the government knowingly used perjured testimony. To the extent that appellant's argument attacks Lachenicht's credibility, it was for the district court, as the trier of fact, to determine whether Lachenicht's testimony was more credible than appellant's. The function of the appellate court is not to determine which part of the testimony is true, nor to assess the credibility of the witnesses; this function is left to the trier of fact. *See, e.g., United States v. Sullivan,* 618 F.2d 1290, 1295 (8th Cir.1980).

As to appellant's suppression argument, the general rule is that the district court's suppression determination will be affirmed unless clearly erroneous. *See, e.g., United States v. Sadosky,* 732 F.2d 1388, 1391 (8th Cir.), *cert. denied,* 469 U.S. 884, 105 S.Ct. 254, 83 L.Ed.2d 191 (1984); *United States v. McGlynn,* 671 F.2d 1140, 1143 (8th Cir. 1982). We hold that the district court's denial of appellant's motion to suppress was not clearly erroneous.

■ Appellant argues that the government failed to establish Lachenicht had probable cause to make the stop because no evidence was introduced regarding the disposition of the traffic ticket. This argument is based in part upon appellant's attack upon Lachenicht's credibility. Lachenicht had probable cause to stop appellant's car when he saw appellant run the stop sign. The district court chose to believe Lachenicht's version of the incident, that is, that appellant did run the stop sign. We defer to the district court's credibility determination. *See, e.g., United States v. Manning,* 787 F.2d 431, 435 (8th Cir.1986).

■ Appellant also challenges Lachenicht's seizure of the gun. However, we agree with the district court that Lachenicht was justified in seizing the gun. Lachenicht saw the gun when appellant removed it from his waistband and placed it in the briefcase. At that time, the gun was in plain view and subject to seizure as a reasonable safety precaution. *See United States v. Malachesen,* 597 F.2d 1232, 1234–35 (8th Cir.) (temporary seizure of weapon which did not immediately appear to be incriminating upheld as reasonable safety precaution), *cert. denied,* 444 U.S. 902, 100 S.Ct. 214, 62 L.Ed.2d 139 (1979).

■ Next, appellant argues that the search warrant was not supported by probable cause because the affidavit did not state that the informant was reliable. " 'Probable cause' to issue a search warrant exists when an affidavit sets forth sufficient facts to justify a prudent person in the belief that contraband will be found in a particular place." *See United States v. Reivich,* 793 F.2d 957, 959 (8th Cir.1986), *citing Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983) (test requires practical common sense evaluation of the totality of the circumstances). The affidavit in the present case provided sufficient facts to establish probable cause to issue the search warrant. The affidavit stated that Lachenicht had known the informant for one year, that the informant had provided information on two prior occasions concerning people involved in the unlawful use of weapons and narcotics trafficking, and that in each instance this information had been corroborated and had resulted in one prosecution pending in state court. The affidavit also stated that the information provided by the informant about the location of the house of appellant's friend and the type and license number of the car usually driven by appellant had been confirmed. Lachenicht's observation of the money bag supported the informant's claim that appellant transported money and narcotics from place to place in his car.

■ Finally, appellant argues that the search warrant failed to describe with specificity the object to be searched or the items to be seized. We review the specificity of the search warrant under a "practical accuracy" standard; the degree of specificity may vary according to the circumstances and type of items involved. *See, e.g.,*

*United States v. Johnson,* 541 F.2d 1311, 1313–14 (8th Cir.1976) (per curiam). Here, the search warrant described the object to be searched as a "brown leather brief-case[,] 2′ × 2′, being held at 1901 Penrose[,] Fifth District Station," and authorized the seizure of "Talwin, Heroin and monies obtained in the sales of narcotic drugs." We hold that, under these circumstances, the search warrant description of the object to be searched and the items to be seized satisfied the "practical accuracy" standard.

Accordingly, the judgment of the district court is affirmed.