**STATE of Minnesota, Respondent,**

v.

**Christopher Alan DYER, Appellant.**

No. C8–88–1544.

Court of Appeals of Minnesota.

April 25, 1989.

Review Denied June 9, 1989.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin County Atty., Linda K. Jenny, Asst. Hennepin County Atty., Minneapolis, for the State.

C. Paul Jones, State Public Defender, Marie L. Wolf, Asst. State Public Defender, Minneapolis, for Christopher Alan Dyer.

Considered and decided by SHORT, P.J., and RANDALL, and KALITOWSKI, JJ., without oral argument.

## OPINION

SHORT, Judge.

Appellant Christopher Alan Dyer appeals his conviction for the unlawful possession and sale of various controlled substances, claiming that: (1) the search warrant was invalid; (2) his statements to the police should be suppressed as the result of an illegal search and seizure; and (3) it was error to give him a felony point for a 1979 theft conviction. We affirm.

## FACTS

On October 12, 1987, a Richfield police officer, acting as an undercover agent, accompanied Gregory Scott Rasmussen to an apartment complex in South Minneapolis. Rasmussen went into the building with $84.00 which the officer had given to him. He came out with marijuana. On October 13, the undercover officer again contacted Rasmussen about buying a quarter pound of marijuana. Rasmussen and the undercover officer returned to the apartment complex in South Minneapolis on October 21, and Rasmussen entered the apartment unit with $700 given to him by the officer. When he came out with the marijuana and some LSD, Rasmussen was arrested.

Richfield Police Officer David Thill was on surveillance for the October 12 buy. Thill requested and received from a Hennepin County district court judge a search warrant for the South Minneapolis apartment unit where Rasmussen had made the purchase. The apartment unit was in the basement of the building, and there was a separate entry into that apartment. The warrant authorized the officer to enter the "lower unit" of the building.

Officer Thill, accompanied by Richfield police officers, DEA Agents and Minneapolis police officers, executed the warrant at 6:45 p.m. They entered by the same door that Thill had seen Rasmussen use. Upon entering, the officers announced they

were conducting a narcotics search. The officers found some marijuana, and demanded to know the location of the LSD. Appellant gave them the LSD he had in the apartment. The officers read appellant his Miranda rights and took a statement from him in which he confessed to selling narcotics.

On April 8, 1988, a Rasmussen hearing was held. On April 11, appellant waived his right to a jury trial, and was found guilty by the trial court judge. Appellant was sentenced to a term of 90 months, the low end of the presumptive range for a severity level 7 offense for a person with a criminal history score of 6.

### ISSUES

I. Did the trial court correctly determine that the search warrant was constitutionally valid?

II. Were appellant's constitutional rights violated by the trial court's decision to admit into evidence his incriminating statements to police?

III. Did the trial court err in sentencing appellant?

### ANALYSIS

#### I.

Appellant argues that the search warrant in this case is invalid because (a) there is no particularized description of the premises to be searched; (b) there was no authority for a Richfield police officer to obtain and execute a warrant in Minneapolis; (c) there was no justification for the "no knock" provision in the warrant; (d) the affidavit lacked probable cause for issuance of the warrant; and (e) the description of the items to be seized was overbroad. We disagree and conclude that the search warrant was valid in its entirety.

#### A. Description of the Premises

■ Minn.Stat. § 626.08 (1988) codifies the constitutional requirement that search warrants be issued only for probable cause, and be:

supported by affidavit, naming or describing the person, and particularly de-

scribing the property or thing to be seized, and particularly describing the place to be searched.

*See also* Minn. Const. art. I, § 10. The test for determining the sufficiency of the description of the premises is whether the description enables the executing officer to "locate and identify the premises with reasonable effort" and with no reasonable probability that other premises might be mistakenly searched. *State v. Gonzales*, 314 N.W.2d 825, 827 (Minn.1982) (quoting *United States v. Gitcho*, 601 F.2d 369, 371 (8th Cir.), *cert. denied*, 444 U.S. 871, 100 S.Ct. 148, 62 L.Ed.2d 96 (1979)).

■ In the present case, the police easily located and entered appellant's apartment. Appellant nonetheless contends that the description of his residence as the "lower unit" of the building lacked specificity. While there were other apartments on the ground level, appellant's apartment was the only basement unit. Appellant's unit has a separate entrance, and officer Thill had seen Rasmussen use the entrance on October 12. The warrant listed the correct address and the description did not confuse the police officer. The warrant therefore was sufficiently particular to satisfy the requirements of the state and federal constitutions.

#### B. Authority to Search

■ Minn.Stat. § 626.06 (1988) states that "[s]earch warrants may be issued by any court * * * having jurisdiction in the area where the place to be searched is located." The warrant was issued by a district judge with jurisdiction in Hennepin County. A licensed police officer may make an out-of-jurisdiction arrest when acting pursuant to a valid court order.

When a person licensed under section 624.84, subdivision 1, in obedience to the order of a court * * * is outside of the person's jurisdiction, the person is serving in the regular line of duty as fully as though the service was within the person's jurisdiction.

Minn.Stat. § 629.40, subd. 3 (1988). Officer Thill was thus properly authorized to

enter and search appellant's residence pursuant to a valid search warrant.

### C. Justification for "No Knock" Provision

■ In *State v. Lien*, 265 N.W.2d 833 (Minn.1978), the supreme court articulated guidelines for determining whether an unannounced entry should be authorized. The court held that the police must have reason to believe an unannounced entry is required to successfully execute the warrant, and "must make a strong showing that an announced entry will result in the destruction of evidence or in danger to the officers * * *." *Id.* at 838. The court continued:

> if the affidavit contains a showing of necessity—e.g., a showing that the occupants are prepared to destroy evidence * * * or that the dwelling is being used also as an outlet or a warehouse for a drug business—then the request for the unannounced entry clause should be granted.

*Id.* at 839; *see also State v. Ailport*, 412 N.W.2d 35, 38 (Minn.Ct.App.1987), *pet. for rev. denied* (Minn. Nov. 18, 1987).

In the present case, the police clearly had information that appellant was using his residence as an outlet for illegal narcotics. An undercover police officer had, through Rasmussen, purchased drugs from that residence before the warrant was requested. An unannounced entry is justified when the affidavit contains verifiable information that the residence is being used as an outlet for selling drugs. *Ailport*, 412 N.W.2d at 38–39. In the present case, the affidavit included this information, based on the undercover officer's observation. The "no knock" provision thus did not render the warrant constitutionally infirm.

### D. Probable Cause to Issue

■ In deciding whether to issue a warrant, the magistrate makes "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit * * * there is a fair probability that contraband or evidence of a crime will be found in a particular place." *State v. Wiley*, 366 N.W.2d 265, 268 (Minn.1985) (quoting *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983)). The trial court has wide discretion in deciding whether to issue a warrant and must be paid great deference by reviewing courts. *Illinois v. Gates*, 462 U.S. at 236, 103 S.Ct. at 2331; *State v. Valento*, 405 N.W.2d 914, 918–19 (Minn.Ct.App.1987).

The affidavit accompanying the warrant supported a belief based on probable cause that narcotics were being sold out of appellant's apartment. Police had participated in one controlled purchase before the warrant was issued, and had already arranged for a second purchase of a larger quantity of narcotics from the same residence. Although the information contained in the warrant had been gathered nine days before the warrant was issued, "[t]he passage of time between the transactions on which a warrant is based and the ensuing search is less significant when the facts recited indicate activity of a continuous nature." *United States v. Jones*, 801 F.2d 304, 314 (8th Cir.1986). The affidavit contained information as to the ongoing nature of appellant's drug-related activity. Under these circumstances, there was probable cause to issue the warrant.

### E. Description of Items to be Seized

■ Appellant claims that the warrant was invalid because it contained an overbroad description of the items to be seized. This argument fails because the items listed in the warrant were limited to drugs, related paraphernalia, monies, records establishing drug-related violations, and records establishing residency. While warrants must be limited in their scope and must carefully specify the items to be seized, they need not be so narrow as to exclude incriminating items the officers have cause to believe may be found in the place searched. *See United States v. Pillow*, 842 F.2d 1001, 1004–5 (8th Cir.1988); *United States v. Jones*, 801 F.2d at 313. In this case, the officers suspected that appellant was selling drugs; the warrant limited seizure to those items likely to be found in the possession of a narcotics deal-

er. The warrant is not unconstitutionally overbroad.

## II.

Appellant argues that his statements to the police should be suppressed because they are the result of an illegal search and seizure. *See Brown v. Illinois,* 422 U.S. 590, 592, 95 S.Ct. 2254, 2256, 45 L.Ed.2d 416 (1975). This argument assumes that the police violated appellant's constitutional rights prior to obtaining his confession. Since the search satisfied all constitutional requirements and no police misconduct was involved, appellant's confession is not tainted.

## III.

■ Appellant argues that it was error for the trial court to assign him a felony point for a 1979 theft conviction. The trial judge, in a sentencing hearing held in November 1979, sentenced appellant "to the Department of Corrections for a term not to exceed a year and a day." The judge further ordered that the "sentence be stayed and [appellant] be placed in the Adult Corrections Facility * * * for a period not to exceed six months." In a written order dated December 24, 1979, the judge stayed the imposition of appellant's felony sentence, and ordered that appellant serve a one year probationary period, including six months in the Hennepin County Adult Corrections Facility.

Appellant argues that the December 1979 sentencing order is a modification of the sentence he had received at the hearing, and that the sentencing judge did not intend that appellant's conviction be treated as a felony. The sentence stayed by the sentencing court was for a period of one year and one day, whereas the probationary period imposed was only for one year. A crime is a felony if a prison sentence of more than one year may be imposed. Minn.Stat. § 609.02, subd. 2 (1988). Further, a conviction "is deemed to be for a misdemeanor or a gross misdemeanor if the sentence imposed is within the limits provided by law for a misdemeanor or gross misdemeanor." Minn.Stat. § 609.13,

subd. 1 (1988). The Sentencing Guidelines state:

> When a prior felony conviction resulted in a misdemeanor or gross misdemeanor sentence, that conviction shall be counted as a misdemeanor or gross misdemeanor conviction for purposes of computing the criminal history score * * *.

Minnesota Sentencing Guidelines, II.B.03.-1.c.

As a condition for staying the imposition of a sentence, a judge may order the convicted person to serve a term of probation. Minn.Stat. § 609.135, subd. 1 (1988). The statute governing the stay of imposition or execution of a sentence states that if the conviction is for a felony, "the stay shall be for not more than three years or the maximum period for which the sentence of imprisonment might have been imposed, whichever is longer." Minn.Stat. § 609.135, subd. 2 (1988). The statute thus specifies a maximum, but not a minimum, period during which probation may be imposed. The length of the probationary period does not change the nature of the conviction. This court has held that a felony conviction for which the imposition of sentence is stayed shall be counted as a felony in the calculation of criminal history points. *State v. Clipper,* 429 N.W.2d 698, 701 (Minn.Ct.App.1988). Because appellant's conviction was for a felony, the trial court properly assigned an additional criminal history point, even though the probationary period was less than the term of imprisonment would have been if the sentence had been imposed.

## DECISION

The trial court was correct in determining that the search warrant was constitutionally valid, in ruling that appellant's incriminating statements to police were admissible into evidence, and in calculating appellant's criminal history score.

Affirmed.