**STATE of Minnesota, Respondent,**

**v.**

**Daniel Bruce JOHNSON,
Petitioner, Appellant.**

**No. C4–89–384.**

Supreme Court of Minnesota.

Jan. 12, 1990.

Susan L.–P. Hauge, Asst. State Public Defender, Minneapolis, for appellant.

Lee W. Barry, III, Sr. Atty., Appellate Section, Minneapolis, for respondent.

KEITH, Justice.

In its unpublished decision in this case the court of appeals affirmed the conviction of defendant Daniel Bruce Johnson of attempted criminal sexual conduct in the first degree and also affirmed a greater-than-double durational departure from the presumptive sentence. We granted defendant's petition for review in order to reduce his sentence to double the maximum presumptive sentence pursuant to the doubling limitation of *State v. Evans*, 311 N.W.2d 481 (Minn.1981).

The victim, P., was 14 years old and was sitting with two infants, who were the children of two women who were living together in Minneapolis. Defendant, who worked the night shift at a nearby foundry, came by twice to see the women, who were not home on either occasion. On the second occasion, shortly after 1:00 a.m., he entered the apartment and began talking with P. After 15 minutes, he pulled a knife on her, tried to kiss her, then fondled her. P. feigned uncontrollable twitching and screamed. Defendant fled.

The applicable presumptive sentence for the *completed* offense of criminal sexual conduct in the first degree, a severity level VIII offense, when committed by a person with defendant's criminal history score of three, is 76 (71–81) months in prison. Pursuant to Minnesota Sentencing Guidelines II.G., the presumptive sentence for the *attempted* offense is one half the presumptive sentence for the *completed* offense. In this case the trial court imposed a sentence of 114 months, triple the median presumptive sentence of 38 months (one half of the 76–month median presumptive sentence for the completed offense).

In *State v. Evans*, 311 N.W.2d 481, 483 (Minn.1981), we held that *"generally* in a case in which an upward departure in sentence length is justified, the upper limit will be double the presumptive sentence length." We made it clear, however, that the doubling limit is not an absolute upper limit on the scope of departure "because there may well be rare cases in which the facts are so unusually compelling that an even greater degree of departure will be justified." *Id.*

In a very limited number of cases—*see, e.g., State v. Mortland*, 399 N.W.2d 92 (Minn.1987), and *State v. Herberg*, 324 N.W.2d 346 (Minn.1982)—we have concluded that severe aggravating circumstances were present justifying a durational departure of greater than two times the presumptive sentence.

■ Whether a given case is the "rare" case where the aggravating circumstances are so severe that a greater-than-double durational departure is justified is a decision which must be based on our "collective, collegial experience in reviewing a large number of criminal appeals from all the judicial districts." *State v. Norton*, 328 N.W.2d 142, 146–47 (Minn.1982).

■ In this case a double durational departure was justified by a number of factors, including (a) the fact that defendant in effect invaded what was temporarily the victim's zone of privacy and (b) the particular vulnerability of the victim due to (i) her age, (ii) the fact that she felt that she had to talk with defendant because he was a friend of the people for whom she was working and (iii) the fact that she was not free to try to flee because she had a responsibility to the infants who were present. However, we believe that this is not such an extraordinary case that a greater-than-double durational departure is justified. Accordingly, we reduce the sentence to 81 months or two times the maximum presumptive sentence length of 40.5 months.

Affirmed as modified.