STATE of Minnesota, Respondent,

v.

Kevin Neal WEAVER, Appellant.

No. C3–91–151.

Supreme Court of Minnesota.

Aug. 30, 1991.

John M. Stuart, State Public Defender, Marie L. Wolf, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen. and Tom Foley, Ramsey County Atty., Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

## OPINION

GARDEBRING, Justice.

In its unpublished decision in this case the court of appeals, by a vote of 2–1, affirmed a 60–month prison term for the offense of leaving the scene of an accident resulting in death, Minn.Stat. § 169.09, subds. 1 and 14(a) (1990). This sentence is five times the 1 year and 1 day presumptive sentence for the offense, a severity level IV offense, for one with defendant's criminal history score, which is zero. We granted defendant's petition for review for the limited purpose of reducing his sentence to double the maximum presumptive sentence pursuant to the general doubling limitation of *State v. Evans*, 311 N.W.2d 481, 483 (Minn.1981).

Defendant was the driver of a car that struck and killed 12–year–old David Michael Savage sometime between 7:00 and 7:30 p.m. on February 17, 1989, as Savage was walking southbound on the side of McKnight Road with a friend. Defendant turned off the lights of his car, sped up and fled the scene, but an alert witness got his car's license number and called police. Police found and arrested defendant 2½ hours later. It appeared that defendant was making plans to "leave town." Lab tests showed the presence of the active ingredient of marijuana in defendant's blood.

The state did not charge defendant with criminal vehicular operation resulting in death, Minn.Stat. § 609.21, subd. 1 (1990), but charged him with violating Minn.Stat. § 169.09, subds. 1 and 14(a)(1) (1990), to which defendant pleaded guilty. Subdivision 1 requires the driver of any vehicle involved in an accident resulting in "immediately demonstrable" bodily injury or death to immediately stop. Subdivision 14(a)(1) provides that anyone who violates subdivision 1 and who causes the accident is subject to up to 10 years in prison if the accident results in the death of any person. Although subdivision 14(a)(1) provides the same maximum statutory penalty, 10 years in prison, as is provided for a conviction of criminal vehicular operation resulting in death, the Sentencing Guidelines treat the offenses differently. The Sentencing Guidelines treat the offense with which we are dealing as a severity level IV offense, whereas it treats criminal vehicular operation resulting in death as either a severity level VI or VII offense, depending on the circumstances.

The presumptive sentence for a severity level IV offense by one with defendant's criminal history score of zero is a stayed term of 1 year and 1 day in prison. The trial court departed durationally but not dispositionally, imposing a 5–year term but staying execution and placing defendant on probation for 10 years, with the stay conditioned on defendant's serving a year in jail. Defendant violated the terms of his probation and the trial court revoked the stay and ordered the 5–year sentence executed.

In *State v. Evans*, 311 N.W.2d 481, 483 (Minn.1981), we adopted a general upward limit on durational departures, the limit being double the presumptive sentence. As we said last year, in a "very limited number of cases * * * we have concluded that severe aggravating circumstances were present justifying a durational depar-

ture of greater than two times the presumptive sentence." *State v. Johnson,* 450 N.W.2d 134, 135 (Minn.1990). Whether a given case is that "rare" case where the circumstances are so "severe" that they justify a greater-than-double durational departure "is a decision which must be based on our 'collective, collegial experience in reviewing * * * criminal appeals * * *.'" *Id.* (quoting *State v. Norton,* 328 N.W.2d 142, 146–47 (Minn.1982)).

In this case a double durational departure was justified by a number of factors, including the defendant's prior driving record,[1] the fact that he was driving without insurance, the fact that he had been using marijuana, and the fact that he tried to hide his involvement in the crime. However, without in any way intending to minimize the seriousness of defendant's conduct, we do not believe that this is that "rare" case where the aggravating circumstances are so severe as to justify a departure greater than authorized by *Evans.* Accordingly, we reduce defendant's sentence to 2 years.

Affirmed as modified.

---

1. On the propriety of looking at the prior record in a case such as this, *see State v. McGee,* 347 N.W.2d 802, 806 (Minn.1984), which is the leading case dealing with departures for defendants convicted not of this offense but of criminal vehicular operation resulting in death.