**STATE of Minnesota, Respondent,**

v.

**Gary Neil ROBINSON, Petitioner, Appellant.**

**No. C4–91–76.**

Supreme Court of Minnesota.

Feb. 14, 1992.

John M. Stuart, State Public Defender, Steven P. Russett, Asst. State Public Defender, St. Paul, for petitioner, appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, and Alan L. Mitchell, St. Louis County Atty., Brian D. Simonson, Asst. County Atty., Hibbing, for respondent.

Considered and decided by the court en banc without oral argument.

KEITH, Chief Justice.

In this case the court of appeals affirmed defendant's conviction of criminal sexual conduct in the second degree for sexually abusing his 4–year–old daughter but remanded to the trial court for resentencing. *State v. Robinson,* 476 N.W.2d 896 (Minn. App.1991). We granted review for the limited purpose of addressing the underlying issue which led the court of appeals to remand for resentencing. In doing so, we vacate defendant's sentence for 37 years, thereby allowing the alternative 20–year sentence imposed by the trial court to take effect.

Defendant was charged by complaint with sexually abusing the victim "on or about the period of 1987 through 1989." In 1989 the legislature enacted the so-called repeat offender statute, which provides in relevant part:

(a) The court shall sentence a person to a term of imprisonment of 37 years,

notwithstanding the statutory maximum sentences under sections 609.342 and 609.343 if:

    (1) the person is convicted under section 609.342 or 609.343; and

    (2) the person has two previous sex offense convictions under section 609.-342, 609.343, or 609.344.

    (b) Notwithstanding sections 609.342, subdivision 3; and 609.343, subdivision 3; and subdivision 2, the court may not stay imposition of the sentence required by this subdivision.

Minn.Stat. § 609.346, subd. 2a (1990). The statute became effective on August 1, 1989. If all of defendant's criminal acts occurred before the statute became effective, defendant is not subject to the mandatory 37–year prison term on the basis of that conduct because of constitutional protections against ex-post facto laws. If, on the other hand, some of the abuse occurred after the statute became effective, then he is subject to the 37–year term.

The trial court submitted a special interrogatory to the jury on this question:

    If you find defendant guilty of Criminal Sexual Conduct in the First Degree *or* guilty of the lesser included offense of Criminal Sexual Conduct in the Second Degree, you have an additional issue to determine, and it will be put to you in the form of questions which will appear on this verdict form as follows:

Did the sexual conduct take place before August 1, 1989?

                ANSWER _____

Did the sexual conduct take place after August 1, 1989?

                ANSWER _____

Did the sexual conduct take place both before and after August 1, 1989?

                ANSWER _____

You will answer one of these questions "Yes". *If you have reasonable doubt as to when the sexual conduct took place, you should answer "Yes" to the question relating to "both before and after August 1, 1989."*

(Emphasis added).

The jury answered "yes" to the question, "Did the sexual conduct take place both before and after August 1, 1989?"

On the basis of this answer, the trial court sentenced defendant to the mandatory 37–year prison term under the repeat offender law. However, the trial court alternatively sentenced defendant to 20 years, the normal statutory maximum for the offense, a durational departure of more than two times the presumptive sentence, with the 20–year sentence to be substituted for the 37–year sentence if the court of appeals or this court later determined that the 37–year sentence was inapplicable.

The court of appeals ruled that it was plain error of a prejudicial nature for the trial court to instruct the jury that if it had a reasonable doubt as to when the sexual conduct occurred, it should answer "yes" to the question relating to "both before and after August 1, 1989." It ruled that while it was proper for the trial court to use the special interrogatory, that answer is not binding on the trial court in sentencing but may be used to guide the trial court. It further ruled that on remand the trial court will be free to impose the 37–year sentence if the court determines that defendant sexually abused the victim after the effective date of the repeat offender statute. *State v. Robinson,* 476 N.W.2d 896, 904 (Minn. App.1991).

The key case bearing on this is *State v. Olson,* 379 N.W.2d 524 (Minn.1986). In *Olson* we dealt with a more refined classification scheme superimposed by the Sentencing Guidelines Commission on top of the legislature's division of the offense of receipt of stolen property into categories based on the value of the stolen property. The defendant in *Olson* did not object to the trial court's failure to submit a special interrogatory authorizing the jury to determine where his conduct fell within the Sentencing Guidelines Commission's scheme. On appeal, however, he contended that the trial court should have submitted a special interrogatory. We said that the legislature "clearly contemplated" that the *jury* would determine the value of the property within the legislature's classification scheme. *Id.* at 526. With respect to the Sentencing

Guidelines Commission's scheme, we said (a) that the defendant had waived or forfeited the issue by not requesting submission of a special interrogatory but (b) "it may be" that if the defendant had requested it, the trial court should have submitted a special interrogatory. *Id.* at 527.

Also relevant is *State v. Cromey*, 348 N.W.2d 759 (Minn.1984). The jury verdict in that case was a general verdict of guilty of second-degree murder even though the defendant was charged with both second-degree intentional murder and second-degree felony murder. Later, felony murder was retroactively reclassified a level IX offense, leaving intentional murder as a severity X offense. We reduced the sentence to that for a level IX offense because it was not possible to determine from the verdict which of the two crimes the jury found the defendant had committed and fairness dictated that it be considered the lesser of the two. The defendant's failure to object to the submission of a general verdict was excusable because at the time the basis for conviction made no difference in the sentence. *State v. Olson*, 379 N.W.2d 524, 527 n. 5 (Minn.1986) (analyzing *Cromey*).

In this case the defendant's failure to object could be deemed to constitute a waiver or forfeiture, consistent with *Olson* and *Cromey*, if the trial court had not submitted any special interrogatory. However, the trial court did use the special interrogatory approach. What defendant failed to object to is the trial court's erroneous statement that if the jury had a reasonable doubt as to when the conduct occurred, it in effect should resolve that doubt against defendant. The court of appeals deemed that to be plain error of a prejudicial nature, and we are inclined to agree. In any event, the state did not petition for review; defendant, who filed the petition for review, prevailed on that aspect of the case in the court of appeals.

The real issues for us are whether the jury, rather than the trial court, ought to resolve the question of when the offense occurred and, if so, whether the jury's determination should be binding on the trial court for sentencing purposes. The court of appeals thought it should not be binding, concluding that on remand for resentencing the trial court should decide when the offense occurred, treating the jury's determination as advisory only.

In our view defendant had a right to let the jury authoritatively decide the issue of whether the abuse occurred before or after the effective date of the repeat offender statute. The jury made a determination in this case which would be authoritative had the jury been properly instructed. However, the trial court erroneously instructed the jury that instead of giving defendant the benefit of any reasonable doubt as to when the conduct occurred, it should give the benefit to the state. One possible remedy would be for us to remand for a new trial limited to the issue of when the sexual abuse occurred. However, without addressing the issue of the appropriateness of granting a criminal defendant a new trial restricted to a limited issue bearing on sentencing, we have decided to vacate the 37–year term and let the alternative 20–year term imposed by the trial court take effect. This approach is consistent with the approach we took in *State v. Cromey*, 348 N.W.2d 759 (Minn. 1986), discussed *supra*. We reject defendant's contention that the upward durational departure involved in imposing the 20–year term is unjustified by the various aggravating circumstances present in this case, circumstances which we need not and do not recount here.

Affirmed as modified.