**STATE of Minnesota, Respondent,**

v.

**Daniel LUNSFORD, Appellant.**

**No. C1–92–1079.**

Court of Appeals of Minnesota.

Oct. 19, 1993.

Review Denied Dec. 14, 1993.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, James C. Backstrom, Dakota County Atty., James M. Crow, Asst. County Atty., Hastings, for respondent.

Bradford S. Delapena, Sp. Asst. State Public Defender, St. Paul, for appellant.

Considered and decided by PARKER, P.J., and HUSPENI, and DAVIES, JJ.

## OPINION

HUSPENI, Judge.

This appeal is from a judgment of conviction and sentence for first degree criminal sexual conduct. Minn.Stat. § 609.342, subd. 1(a) (1990). We affirm the conviction, and reverse and remand the sentence for findings on the applicability of the patterned sex offender statute.

## FACTS

Ten-year-old J.K. reported in May of 1991 that his uncle, appellant Daniel Lunsford, had sexually abused him in 1989. Lunsford had been arrested in April 1991 for alleged sexual abuse of J.K.'s stepsister, K.K., a charge to which Lunsford later pleaded guilty. J.K. reported the sexual abuse to his mother after he learned Lunsford was in jail.

Lunsford babysat J.K. and his siblings frequently during the summer of 1989. J.K. testified he spent a lot of time that summer at Lunsford's house in Inver Grove Heights. J.K. testified that Lunsford would engage in sexual touching and penetration with him in the bedroom of the house, while the other children were outside. Lunsford would also hit J.K. with a belt, and threaten to beat him if he told about the sexual activity.

J.K. testified that Lunsford smoked "drugs" in the attic of his house, and made J.K. smoke them. Defense counsel objected and asked that this testimony be stricken. The trial court overruled the objection, finding that the marijuana smoking was sufficiently related to the sexual acts if it occurred on the same day.

Lunsford's new residence in St. Paul was searched pursuant to a search warrant describing the belt, Lunsford's marijuana pipe, and other evidence. An Inver Grove Heights police officer prepared a search warrant application for Lunsford's St. Paul residence and presented it to a Ramsey County judge. The application was based on J.K.'s statement describing the marijuana pipe, the belt, and other items that Lunsford had in his Inver Grove Heights residence in the summer of 1989. The search warrant was executed by two Inver Grove Heights officers in June of 1991.

The officers seized a marijuana pipe and a belt. One officer testified at trial that J.K. identified the marijuana pipe seized as the one used by Lunsford. The court allowed testimony concerning the marijuana use but excluded the pipe itself from being introduced into evidence.

The state presented evidence of out-of-court statements made by J.K. to his mother, his counselor, his pediatrician, and to a police officer. Lunsford's conviction for sexual contact with J.K.'s stepsister was ruled admissible for impeachment purposes, but inadmissible as *Spreigl* evidence. Lunsford testified in his defense, denying any sexual contact with J.K. He admitted the sexual contact with J.K.'s stepsister.

The jury found Lunsford guilty of first degree criminal sexual conduct. The psychiatrist who performed a sex offender evaluation testified at the sentencing hearing that Lunsford is a patterned sex offender, with a high risk for re-offending and a need for long-term treatment. Defense counsel argued against a departure based on the patterned sex offender statute. However, he did not claim the statute was inapplicable because the abuse occurred prior to August 1, 1989.

The trial court, finding that the requirements of the patterned sex offender statute were met, sentenced Lunsford to 25 years in prison under Minn.Stat. § 609.1352, subd. 1 (1990). The court also stated that an upward departure would be justified, even without the patterned sex offender statute, based on the circumstances of the offense.

## ISSUES

1. Did the trial court abuse its discretion in admitting evidence of marijuana use?

2. Was the search warrant improperly executed or based on stale information?

3. Did the court abuse its discretion in departing based on the patterned sex offender statute?

## ANALYSIS

### I.

■ Lunsford contends the trial court abused its discretion in admitting evidence that he smoked marijuana and made the victim smoke it. The state argues this evidence is not *Spreigl* "bad acts" evidence, but evidence of the immediate episode and of the relationship between Lunsford and the victim. *See, e.g., State v. Mosby*, 450 N.W.2d 629, 632 (Minn.App.1990) ("bad acts" evidence incidentally necessary to prove the charged offense is not *Spreigl* evidence), *pet. for rev. denied* (Minn. Mar. 16, 1990).

There was no evidence that marijuana was used to facilitate the sexual offense. Nevertheless, Lunsford's use of marijuana with the victim illuminates their relationship, even if it was not directly tied to the sexual acts. *See generally State v. Thieman*, 439 N.W.2d 1, 6 (Minn.1989) (trial court properly admitted "bad acts" evidence showing relationship between defendant and victim). This evidence, along with the evidence of physical abuse, showed a relationship very different from that to be expected between a child and a relative caring for him. *Cf. State v. Ostlund*, 416 N.W.2d 755, 764 (Minn.App.1987) (affirming the admission of evidence of defendant mother's past neglect and abuse in a prosecution for unintentional murder of her daughter), *pet. for rev. denied* (Minn. Feb. 24, 1988). Even assuming Lunsford did not use marijuana to facilitate the sexual offense, his drug use with a minor nephew shows serious neglect and inappropriate behavior which "illuminat[es] the relationship." *Id.*

Even if the admission of evidence of marijuana use were error, it is likely that Lunsford's prior conviction for the sexual abuse of J.K.'s stepsister played a much larger role in the state's case. *See generally State v. Carlson*, 268 N.W.2d 553, 561 (Minn.1978). Although excluded as *Spreigl* evidence, this prior conviction including appellant's initial denial of any culpability and later admission of abuse of K.K., was thoroughly discussed during appellant's testimony.

### II.

■ Lunsford challenges the admissibility of evidence seized pursuant to the search warrant on two grounds: 1) the warrant for search of a St. Paul residence was improperly issued to and executed by Inver Grove Heights officers; and 2) the warrant was based on stale information concerning offenses occurring two years earlier at a different location.

Minn.Stat. § 626.11 (1990) provides as follows:

> If the judge is satisfied of the existence of the grounds of the application, or that there is probable cause to believe their existence, the judge must issue a signed search warrant, naming the judge's judicial office, *to a peace officer in the judge's county* or to an agent of the bureau of criminal apprehension.

(Emphasis added.)

This court has upheld a search pursuant to a warrant issued to a police officer acting outside his jurisdiction. *State v. Dyer*, 438 N.W.2d 716, 718–19 (Minn.App.1989), *pet. for rev. denied* (Minn. June 9, 1989). In *Dyer*, the warrant was issued to a Richfield officer for the search of a Minneapolis residence. *Id.* at 717. The Richfield officer was accompanied, however, by Minneapolis officers, among others. *Id.* Thus, not only was the Richfield officer a "peace officer in the judge's county," Minn.Stat. § 626.11 (1990), he was accompanied by officers of the jurisdiction in which the search was being executed.

The officer who applied for and executed the warrant for the search of Lunsford's St. Paul residence was from a different county (Dakota County). He was accompanied only by a fellow officer from the same jurisdiction and county.

There is language in *Dyer* relying on the statutory authority for extra-jurisdictional arrests, which would support the search warrant here. *Dyer*, 438 N.W.2d at 718. However, an officer's power to make an arrest outside his jurisdiction is not necessarily the same as his power to execute a search warrant elsewhere. Minn.Stat. § 629.40 (1992) authorizes out-of-jurisdiction arrests. There is no similar provision for out-of-jurisdiction execution of search warrants. *See* Minn. Stat. ch. 626 (1992).

A search warrant, unlike a warrantless arrest, derives its authority from that of the issuing magistrate. Significantly, the statutory authority for out-of-jurisdiction arrests pursuant to a warrant limits that authority to situations in which the arrestee has fled the county or other jurisdiction of the officer. Minn.Stat. § 629.40, subd. 2 (1992).

The state contends that Minn.Stat. § 626.13 allows officers to execute search warrants outside their jurisdiction. We disagree. That statute merely allows execution by an officer named in the search warrant. Minn.Stat. § 626.13 (1990). If a peace officer cannot properly be issued a search warrant under Minn.Stat. § 626.11, section 626.13 does not confer authority to execute the warrant.

■ Although the search warrant was improperly issued and executed, we conclude this statutory violation does not warrant exclusion of the resulting evidence. The exclusionary rule does not apply to technical violations of the statutes governing search warrants, where no constitutional violation is involved. *State v. Lien*, 265 N.W.2d 833, 840–41 (Minn.1978). No constitutional violation is alleged by Lunsford. Moreover, the jurisdictional limits of peace officers are less significant if an officer is executing a search warrant than if making an investigatory stop, where the officer is acting under his or her own authority. *Cf. State v. Tilleskjor*, 491 N.W.2d 893, 894 (Minn.1992) (declining to decide whether exclusionary rule would apply if extra-jurisdictional investigatory stop was not valid).

■ Lunsford also challenges the search warrant as based on stale information. Factors to be considered in determining whether information is stale include:

> the age of the person supplying the information, whether there is any indication of ongoing criminal activity, whether the items sought are innocuous or incriminating, and whether the property sought is easily disposable or transferable.

*State v. DeWald*, 463 N.W.2d 741, 746 (Minn. 1990).

In *State v. Jannetta*, 355 N.W.2d 189, 194 (Minn.App.1984), *pet. for rev. denied* (Minn. Jan. 14, 1985), this court held that, under the circumstances, information from a young victim of alleged sexual abuse occurring two years earlier was not stale. This court noted evidence of a "continuous course of conduct" involving the youngster, as well as evidence of possible similar conduct with other young males. *Id.* This case is similar in that, although there is no evidence of abuse of J.K. after 1989, there was information concerning similar acts against other children in that time period. Perhaps more importantly, the evidence sought in *Jannetta* was evidence specific to sexual conduct. *Id.* at 192. Here, the marijuana pipe had a use to Lunsford quite apart from his alleged sexual abuse of minors, and a use which was likely to be a continuing one. Given the wide deference to be given a magistrate's determination of probable cause, this information was not stale. *See generally State v. Reese*, 446 N.W.2d 173, 177 (Minn.App.1989), *pet. for rev. denied* (Minn. Nov. 15, 1989).

Evidence derived from the search warrant was properly admitted, despite the violation of Minn.Stat. § 626.11.

### III.

■ Lunsford contends the trial court erred in sentencing him to an upward departure based on the patterned sex offender statute, Minn.Stat. § 609.1352, because it is unclear whether the offense was committed, even in part, after the August 1, 1989 effective date of that statute. *See* 1989 Minn. Laws ch. 290, art. 4, § 22.

Lunsford did not request a special interrogatory concerning the dates of the offense, nor did he argue at sentencing that the pat-

terned sex offender statute could not be applied to his offense.

■ A defendant has a right to a special interrogatory allowing the jury, rather than the court, to decide whether the offense was committed before a sentence enhancement statute became effective. *State v. Robinson,* 480 N.W.2d 644, 646 (Minn.1992). This right, however, may be waived unless the defendant's failure to request a special interrogatory is excusable. *Id.; see also State v. Murray,* 495 N.W.2d 412, 412–13 (Minn.1993) (inexcusable failure to object at trial waives right to fact finder determination of applicability of patterned sex offender statute).

This court's opinion in *State v. Robinson,* 476 N.W.2d 896, 903 (Minn.App.1991), *aff'd as modified,* 480 N.W.2d 644 (Minn.1992), approved the submission of a special interrogatory on this issue. Although that opinion was released only a day before Lunsford's trial, it was available to defense counsel, particularly at sentencing three months later when Lunsford again failed to challenge the lack of a special interrogatory. Moreover, the supreme court in *Robinson* derived the right to a special interrogatory on this issue from prior case law, which was unquestionably available to counsel. *See Robinson,* 480 N.W.2d at 646.

In *State v. Goldenstein,* 505 N.W.2d 332 (Minn.App.1993), this court held that the co-defendants' failure to request a special interrogatory was excusable because there was no trial testimony addressing the dates of the offense, and therefore asking the jury to resolve the issue would have been fruitless. *Id.* at 348. In this case, there was evidence regarding the timing of the sexual acts. Lunsford has waived the submission of a special interrogatory on this issue. He is, however, entitled to a finding by the sentencing judge concerning the timing of the offense with respect to August 1, 1989. *State v. Murray,* 495 N.W.2d at 413.

Lunsford can be sentenced under the patterned sex offender statute

> only if there is *no* reasonable likelihood that all of petitioner's multiple acts of penetration * * * occurred before the statute became effective.

*Id.* (emphasis in original). We reverse the sentence and remand to the sentencing judge for findings on this issue.

We note that although the sentencing judge stated as alternate grounds for the upward departure various aggravating circumstances, these would not support a departure of this magnitude (5.5 times the presumptive sentence). *See generally State v. Weaver,* 474 N.W.2d 341, 342–43 (Minn.1991) (only a rare case justifies greater-than-double departure); *cf. State v. Carpenter,* 459 N.W.2d 121, 128 (Minn.1990) (abuse of position of trust helped support dispositional and less-than-double durational departure); *State v. Allen,* 482 N.W.2d 228, 232 (Minn.App. 1992) (multiple penetrations alone will generally not justify greater-than-double departure), *pet. for rev. denied* (Minn. Apr. 13, 1992). We express no opinion concerning what lesser degree of departure may be justified should the trial court determine the patterned sex offender statute does not apply.

Lunsford has filed a pro se brief challenging his conviction on a number of grounds, including admission of hearsay statements, violation of the right to confrontation, and ineffective assistance of counsel. (The ineffective assistance of counsel claim did not include an argument regarding failure to request a special interrogatory to the jury.) We have examined these arguments and find them to be either without merit or without support in the record. Lunsford has not shown the hearsay statements were improperly admitted. *See generally State v. Larson,* 472 N.W.2d 120, 125–28 (Minn.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 965, 117 L.Ed.2d 131 (1992). There is no record to support the claim that Lunsford's right of physical confrontation was significantly violated. Finally, the claim of ineffective assistance is without support in the record. *See State v. Buchanan,* 431 N.W.2d 542, 553 (Minn.1988) (claim on direct appeal lacked factual support); *State v. Bock,* 490 N.W.2d 116, 123 (Minn.App.1992) (bare allegations of inadequate preparation insufficient), *pet. for rev. denied* (Minn. Aug. 27, 1992).

## DECISION

The trial court did not abuse its discretion in admitting evidence of marijuana use. The search warrant was improperly executed, but this statutory violation does not require exclusion of the evidence. Appellant waived his right to a jury determination on application of the patterned sex offender statute. That issue is remanded to the sentencing judge for appropriate findings.

**Affirmed in part, reversed in part and remanded.**