**STATE of Minnesota, Respondent,**

v.

**Darnell Raymond GOODWIN, Appellant.**

No. A03–1807.

Court of Appeals of Minnesota.

Sept. 7, 2004.

---

Daniel S. Adkins, Richard Sand, Sand, Adkins & Associates, P.A., St. Paul, MN, for appellant.

Mike Hatch, Attorney General, St. Paul, MN, and James C. Backstrom, Dakota County Attorney, Scott A. Hersey, Assistant County Attorney, Hastings, MN, for respondents.

Considered and decided by ANDERSON, Presiding Judge; PETERSON, Judge; and PARKER, Judge.*

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## O P I N I O N

G. BARRY ANDERSON, Judge.

On December 20, 2001, Dakota County Task Force Agent Dawn Johnson applied for a warrant to search an apartment in Burnsville for controlled substances. The police executed the search warrant on December 27, 2001 and arrested appellant, Darnell Raymond Goodwin, at the scene. The state charged Goodwin with multiple violations of controlled-substance laws. At an omnibus hearing on March 1, 2002, appellant maintained that (1) the unannounced-entry provision in the search warrant was invalid, and (2) the exclusionary rule applies to the evidence seized because, while the warrant was to be executed no earlier than 7:00 a.m., the entry of the police occurred one minute and seven seconds before 7:00 a.m. The district court concluded that the unannounced entry was justified by the information contained in the supporting affidavit for the warrant and that application of the exclusionary rule was not appropriate under the circumstances of this case. This appeal follows.

### FACTS

The warrant was issued based on Johnson's supporting affidavit, which outlined information from two confidential informants that a male was selling narcotics from the residence. Additionally, the informants provided information to Johnson that the individual selling narcotics was known as "Ray," that he drove a white Pontiac Grand Prix, and that he was living at his girlfriend's apartment—the property identified in the warrant.

Johnson specifically requested permission for an unannounced entry into the apartment based on information that in 2001 a male brandished a handgun while leaning out a window of the apartment, as well as information from both informants that the drug dealer in the apartment was a member of a gang and carried a gun. The district court granted Johnson's application for an unannounced entry and specified the apartment could only be searched between 7:00 a.m. and 8:00 p.m.

The police executed the search warrant at the apartment on December 27, 2001. At 6:51:00 a.m. police reported they would use flash-bang [1] procedures when entering the apartment. At 6:55:03 a.m. police reported someone began moving around and turning lights on inside the apartment. At 6:56:47 a.m. police reported traffic at the apartment. The police then entered the apartment, using a flash-bang, and Sergeant D. Athmann recorded the time of entry into the apartment as 7:01:38 a.m. But it is undisputed by the parties that the fire alarms at the apartment were set off by the flash-bang at 6:58:53 a.m.

### ISSUES

I. Did the district court err in determining that reasonable suspicion existed to justify an unannounced entry into the apartment?

II. Did the district court err in determining that the exclusionary rule should not apply to evidence seized by police when a warrant is executed one minute and seven seconds before the permitted time frame?

### ANALYSIS

#### I.

Appellant argues that the district court erred by concluding that reasonable

---

1. "A flash-bang device distracts inhabitants of structures by creating loud noise and smoke." *United States v. Williams*, 181 F.3d 945, 948 n. 4 (8th Cir.1999); *see also Wegner v. Mil-* *waukee Mut. Ins. Co.*, 479 N.W.2d 38, 39 (Minn.1991) (stating a flash-bang grenade is thrown into a house by law enforcement to confuse the suspect).

suspicion existed to justify an unannounced entry into the apartment. An unannounced, or no-knock, entry provision to a warrant is proper when: (1) police "have reason to believe that an unannounced entry will be required in order to successfully and safely execute the warrant"; (2) police "inform the issuing magistrate of the circumstances which they believe justify the unannounced entry"; (3) police obtain advance authorization for the unannounced entry; and (4) police show that an entry that is announced "will result in the destruction of evidence or in danger to the officers executing the warrant." *State v. Lien*, 265 N.W.2d 833, 838 (Minn. 1978).

■ When the material facts are undisputed, we independently determine whether evidence obtained during a search conducted with a no-knock warrant should be suppressed. *State v. Wasson*, 615 N.W.2d 316, 320 (Minn.2000). Generally, we review the district court's determination of probable cause to issue a search warrant to ensure there was a substantial basis to conclude that probable cause actually existed. *State v. Harris*, 589 N.W.2d 782, 787–88 (Minn.1999). But when we review the determination that an unannounced entry is warranted, the standard for review is reasonable suspicion, not probable cause. *Wasson*, 615 N.W.2d at 320. The United States Supreme Court has stated that this showing "is not high." *Richards v. Wisconsin*, 520 U.S. 385, 394, 117 S.Ct. 1416, 1422, 137 L.Ed.2d 615 (1997).

In *Wasson*, the Minnesota Supreme Court concluded that because (1) weapons were seized from the same location three months before and (2) police had knowledge that the owner of the property was willing to facilitate drug sales on the property, an unannounced entry was appropriate because the facts were sufficient to

justify reasonable suspicion. *Wasson*, 615 N.W.2d at 320–21. In this case, the affidavit supporting the application for the no-knock warrant contained information that: (1) an individual who lived in the apartment to be searched was engaged in drug sales; (2) a confidential informant had knowledge that the individual selling drugs from the apartment was involved in a gang and frequently carried a gun; (3) because the resident was involved in a gang, one confidential informant was afraid for his or her life; and (4) a concerned citizen had seen a male leaning out the window of the apartment with a handgun. Johnson provided this information to the issuing magistrate, and the magistrate subsequently signed a warrant containing an unannounced-entry provision. These facts, taken as a whole, establish a reasonable suspicion that the safety of the officers would have been threatened if the unannounced-entry provision was not part of the warrant. The unannounced-entry provision to the warrant was appropriate.

## II.

■ Appellant argues that the district court erred in determining that the exclusionary rule does not apply because the police seized the evidence when they executed the warrant one minute and seven seconds before the time authorized in the warrant. We disagree.

Minn.Stat. § 626.14 (2000) states:

A search warrant may be served only between the hours of 7:00 a.m. and 8:00 p.m. unless the court determines on the basis of facts stated in the affidavits that a nighttime search outside those hours is necessary to prevent the loss, destruction, or removal of the objects of the search or to protect the searchers or the public. The search warrant shall state that it may be served only between the hours of 7:00 a.m. and 8:00 p.m. unless a

44

nighttime search outside those hours is authorized.

Minnesota courts have held the execution of a daytime warrant during the night is a statutory, rather than constitutional, error. *Lien,* 265 N.W.2d at 840 (concluding that a statutory violation does not *mandate* exclusion of the seized evidence); *State v. Alt,* 469 N.W.2d 732, 734 (Minn.App.1991) (citing *Lien,* and stating, "The execution of a search warrant at night in violation of this statute[, Minn.Stat. § 626.14 (1990),] may be grounds for suppression of any evidence seized."); *see also State v. Lunsford,* 507 N.W.2d 239, 245 (Minn.App.1993) (holding a warrant to search a St. Paul residence improperly issued to, and executed by, Inver Grove Heights police was a statutory violation and therefore the exclusionary rule did not automatically apply), *review denied* (Minn. Dec. 14, 1993).

■ Here, assuming that the police executed the search warrant at 6:58:53 a.m., such action was a technical violation of Minn.Stat. § 626.14 (2000). But the district court was not "obliged to conclude that suppression of the fruits of the search was necessary." *State v. Yaritz,* 287 N.W.2d 13, 16 (Minn.1979); *see also Lien,* 265 N.W.2d at 840 (denying appellant's request to suppress evidence when the nighttime execution of the search warrant was a statutory violation). We conclude that, while executing a warrant less than two minutes before the applicable time for commencement of the search warrant constitutes a statutory violation, the early execution is a de minimis violation and does not justify suppression of the fruits of the search as a remedy.

But as appellant argues and *Lien* suggests, the general statutory rule against nighttime searches may also have a "constitutional dimension." *Lien,* 265 N.W.2d at 839. The rationale, as set forth by the Minnesota Supreme Court, is the belief that a "nighttime search of a home involves a much greater intrusion upon privacy and is presumably more alarming than an ordinary daytime search of a home." *Id.* at 839–40.

Not all searches, however, executed outside of the permissible time frame are unconstitutional. *See United States v. Koller,* 559 F.Supp. 539, 541 (D.Ark.1983) (concluding that evidence obtained by a search that was executed ten minutes after the daytime warrant had expired would not be suppressed because (1) the search did not violate the policy prohibiting unexpected searches in the middle of the night, (2) it began only a matter of minutes after the warrant expired, and (3) it did not cause surprise intrusion into the defendant's privacy). We conclude that a warrant executed less than two minutes before the applicable time for the commencement of a search does not constitute a constitutional violation. It is unlikely such a de minimis departure from the statutory requirement would be so unexpected so as to cause a surprise intrusion into a defendant's privacy beyond the invasion that would occur if the search was properly executed one minute and seven seconds later.

## DECISION

Because we conclude that the district court appropriately determined that reasonable suspicion existed, thereby justifying an unannounced entry when executing the warrant, and because suppression of the seized evidence is inappropriate in light of a de minimis statutory violation, we affirm appellant's convictions.

**Affirmed.**