**STATE of Minnesota, Respondent,**

v.

**Paul Eric SIMON, petitioner, Appellant.**

No. C5–93–1161.

Supreme Court of Minnesota.

Aug. 12, 1994.

John M. Stuart, State Public Defender, Lyonel F. Norris, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, and Tom Foley, Ramsey Co. Atty., Darrell C. Hill, Asst. Ramsey Co. Atty., St. Paul, for respondent.

## OPINION

GARDEBRING, Justice.

Defendant pleaded guilty to second degree assault, Minn.Stat. § 609.222 (1992), and was

sentenced by the trial court to 72 months in prison, double the presumptive sentence for the offense when committed by a person with no criminal history. The trial court based the departure on the fact that the assault resulted in the infliction of "substantial bodily harm" on the victim. The court of appeals, in an unpublished opinion, affirmed. Because we conclude that the departure was inappropriate, we reduce defendant's sentence to 36 months, the presumptive sentence.

Police investigation revealed that the victim sold nuts to defendant which he had painted to look like crack cocaine. Defendant, who says he was high on crack cocaine at the time, became angry and shot the victim with a handgun, inflicting "substantial bodily harm."

Minn.Stat. § 609.222 (1992), assault in the second degree, provides two alternative charges. Subdivision 1 references "assault with a dangerous weapon," and carries a maximum sentence of seven years. Subdivision 2 adds the element of "substantial bodily harm," and specifies a ten-year maximum sentence. The state charged defendant with assault in the second degree by a complaint that cited Minn.Stat. § 609.222 (1992), without specifying the subdivision. However, the complaint listed the maximum sentence as seven years, the maximum sentence under subdivision 1. In effect, then, the state charged defendant under subdivision 1 rather than under subdivision 2.

Under the Minnesota sentencing guidelines scheme, both offenses are severity level VI offenses, which call for a presumptive sentence of 21 months where the offender has a zero criminal history score. Minnesota Sentencing Guidelines and Commentary 41, 43 (Aug. 1, 1992). However, because a firearm was used, the conviction falls within the requirements of the "mandatory minimum" statute, Minn.Stat. § 609.11, subd. 5 (1992), and the presumptive sentence is 36 months.

In other words, if defendant had been charged with and convicted of violating subdivision 2, assault with a dangerous weapon resulting in infliction of "substantial bodily harm," the presumptive sentence would have been the same as it was for the offense of assault with a dangerous weapon, specifically, 36 months in prison. If defendant had been convicted of the more serious offense, obviously the trial court could not have used the fact that "substantial bodily harm" was inflicted to support a double durational departure. *State v. Gist,* 358 N.W.2d 664 (Minn. 1984). The state should not be able to circumvent this by charging a defendant with the subdivision 1 offense, assault with a dangerous weapon, and then rely upon the infliction of "substantial bodily harm" to support a doubling of the presumptive sentence. Moreover, the state should not be able to use the fact that it might have been able to obtain a conviction of a greater offense—*e.g.,* attempted murder—to support the departure.

This court has considered similar issues before and has consistently resisted this inappropriate "ratcheting up" of sentences. Relevant decisions include: *State v. Kisch,* 346 N.W.2d 130, 132–33 (Minn.1984) (if defendant is convicted of lesser offense of unintentional felony murder, trial court cannot base departure on its belief that killing was intentional or premeditated and that defendant should have been convicted of the more serious offense); *State v. Cox,* 343 N.W.2d 641, 643–45 (Minn.1984) (ordinarily when a defendant pleads guilty to a lesser offense, the trial court may not depart on the basis of evidence that the defendant could have been convicted of the more serious charged offense; however, if the record shows that a departure would have been in order for the charged offense, then an aggravated sentence for the lesser offense of conviction might be appropriate); *State v. Givens,* 332 N.W.2d 187, 190 (Minn.1983) (trial court cannot disregard a jury's verdict that defendant was guilty only of third-degree, not first-degree, murder by basing departure on its belief defendant was guilty of greater charge); *State v. Womack,* 319 N.W.2d 17, 19–20 (Minn.1982) (trial court cannot deny defendant of guilty plea bargain by relying on underlying conduct supporting dismissed charge, conduct which defendant denies occurred).

Therefore, defendant's sentence is reduced from 72 months to 36 months, the presump-

tive sentence for either the subdivision 1 offense, assault with a dangerous weapon, or the subdivision 2 offense, assault with a dangerous weapon resulting in infliction of "substantial bodily harm."

Affirmed as modified.

ANDERSON, J., took no part in the consideration or decision of this case.