**STATE of Minnesota, Respondent,**

v.

**Randal David SIMMONS, Appellant.**

No. C2–02–25.

Court of Appeals of Minnesota.

July 9, 2002.

John M. Stuart, State Public Defender, Jodie L. Carlson, Assistant Public Defender, Minneapolis, for appellant.

Mike Hatch, Attorney General, St. Paul, MN, and Doug Johnson, Washington County Attorney, Eric C. Thole, Assistant County Attorney, Stillwater, for respondent.

Considered and decided by RANDALL, Presiding Judge, STONEBURNER, Judge, and HUSPENI, Judge.*

## OPINION

RANDALL, Judge.

After a guilty plea, appellant was found guilty of theft by swindle in violation of Minn.Stat. §§ 609.52. subd. 2(4), 609.52 subd. 3(1), 609.05 (2000) and was sentenced to 171 months in prison. Appellant appeals his conviction arguing (1) the district court abused its discretion when it imposed a triple upward departure without stating reasons for the departure, and (2) the district court engaged in judicial misconduct when it personally attacked appellant, and among other statements, called him immoral. We affirm as modified, reducing appellant's sentence to 114 months, a double departure.

## FACTS

Appellant was charged with aiding and abetting theft by swindle, offering a forged check, and check forgery over $35,000. Between September 2000 and January 2001, appellant and eight other individuals purchased 21 vehicles from unsuspecting people and a dealership using counterfeit checks. The victim's total loss was in excess of $310,000, and the court ordered restitution in the amount of $314,111.44.

While conducting the car flipping scam, appellant and eight others created false identifications and checks. Appellant arranged meetings, sales and purchases of the vehicles, gave rides to the victims, made false checks and identifications and test drove the vehicles that would be stolen. Appellant admitted at sentencing that he and his brother were the ringleaders of the operation.

In July 2001, as part of a plea agreement, appellant pleaded guilty to one count of theft by swindle in an amount over $35,000 in violation of Minn.Stat. §§ 609.52. subd. 2(4), 609.52 subd. 3(1), 609.05 (2000), and the remaining counts were dismissed. The plea agreement contained no recommendation as to sentencing. Theft by swindle is a level six offense. Appellant is 38 years old, has eleven points on the criminal history score from 16 prior convictions between 1984 and 1997. The presumptive sentence is 57–months' commitment to the commissioner of corrections. At the sentencing hearing, the prosecutor argued for a triple departure and appellant argued for the presumptive sentence.

The district court imposed a triple upward departure and sentenced appellant to

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

171 months. The court, while imposing sentence, commented on appellant's lengthy criminal history, the high degree of planning of the operation, the impact on the victims, and the amount involved in the charged crime.

Appellant challenges the sentence, arguing that the district court abused its discretion in imposing a triple upward departure without stating specific reasons for the departure, and engaged in judicial misconduct when it personally attacked appellant, calling him immoral.

## ISSUES

I. Did the district court abuse its discretion when imposing a triple upward departure without stating any grounds on the record?

II. Did the district court abuse its discretion and engage in misconduct, when it personally attacked appellant at sentencing? ·

## ANALYSIS

### I. Upward departure

Appellant first challenges the district court's imposition of a 171 month sentence for theft by swindle, arguing that the sentence is three times the 57–month presumptive sentence. Appellant asserts that the district court abused its discretion by imposing the sentence, claiming the district court failed to provide written reasons for the departure and the district court's verbal soliloquy demonstrated bias. Respondent maintains that the sentencing departure is supported by the record, because (a) the crime was a major economic crime; (b) there were multiple victims; (c) the crime was one of major planning; and (d) appellant was a career criminal with 16 previous felony convictions. Respondent asserts that the district court's remarks were harmless error and the record supports the triple upward departure.

█ A sentencing court has broad discretion to depart only if substantial and compelling aggravating or mitigating circumstances are present. *State v. Best*, 449 N.W.2d 426, 427 (Minn.1989). A sentencing court "shall use the presumptive sentence unless the individual case involves substantial and compelling circumstances." *State v. Garcia*, 302 N.W.2d 643, 647 (Minn.1981) (quotation omitted). Substantial and compelling circumstances are those making the facts of a particular case either more or less serious than a typical case involving the same crime. *State v. Allen*, 482 N.W.2d 228, 231 (Minn.App. 1992), *review denied* (Minn. Apr. 13, 1992).

█ Generally, when an upward durational sentencing departure is warranted, the limit is double the presumptive sentence length. *State v. Evans*, 311 N.W.2d 481, 483 (Minn.1981). There may be rare cases where severe aggravating circumstances exist that would justify a greater-than-double departure up to the statutory maximum of the offense for which a defendant was convicted. *Id.* Such a decision "must be based on our collective, collegial experience in reviewing a large number of criminal appeals from all the judicial districts." *State v. Norton*, 328 N.W.2d 142, 146–47 (Minn.1982).

█ Appellant pleaded guilty and was convicted of and sentenced for theft by swindle over $35,000 in violation of Minn. Stat. §§ 609.52. subd. 2(4), 609.52 subd. 3(1), 609.05. Appellant engaged in a "car flipping" scam involving 22 vehicles and $310,000 dollars. Minn.Stat. § 609.52. subd. 2(4) provides:

Whoever does any of the following commits theft [] may be sentenced as provided in subdivision 3 * * * by swindling, whether by artifice, trick, device,

or any other means, obtains property or services from another person.

The district court imposed an executed prison term of 171 months. Under the Minnesota Sentencing Guidelines, theft by swindle is a severity level 6 offense. Appellant's criminal history score is 11, which results in a presumptive sentence of 57 months. The district court's remarks during sentencing demonstrate three aggravating factors for imposing the triple upward departure: (1) appellant's status as a career offender with an extensive criminal past; (2) the impact on the victims; (3) appellant's position of trust; and (4) it was a group crime.

Although the district court did not state detailed findings explaining its upward departure, the record, taken as a whole, supports some departure upward from the presumptive sentence. *See Williams v. State,* 361 N.W.2d 840, 844 (Minn.1985) (stating a departure will be affirmed if there is sufficient record evidence to support departure).

The Minnesota Sentencing Guidelines provide a list of aggravating factors that justify an upward durational departure. The guidelines recognize a departure for a major economic offense when two or more of the following are present:

(a) the offense involved multiple victims or multiple incidents per victim; (b) the offense involved an attempted or actual monetary loss substantially greater than the usual offense, or substantially greater than the minimum loss specified in the statutes; (c) the offense involved a high degree of sophistication or planning, or occurred over a lengthy period of time; (d) the defendant used his or her position or status to facilitate the commission of the offense, including positions of trust, confidence or fiduciary relationships; or (e) the defendant had been involved in other conduct similar to the current offense as evidenced by the findings of civil or administrative law proceedings or the imposition of professional sanctions.

Minn. Sent. Guidelines IID.2.b(4) (2000). A major economic offense is defined as "an illegal act or series of illegal acts committed by other than physical means and by concealment or guile to obtain money or property[.]" *Id.*

The record demonstrates that the crime that appellant committed involved: (a) multiple incidents; (b) a monetary loss substantially greater than the statutory minimum, $168,000 as compared to $35,000; and (c) a high degree of sophistication and planning; over 22 vehicles and 22 transactions were involved.

The total dollar amount of appellant's scheme was over $310,000 and it was within the district court's discretion to depart upward. Minn.Stat. § 609.52, subd. 3(1) provides for a sentence of not more than 20 years if the value of the stolen property exceeds $35,000 and if the conviction is for a violation of subdivision 2(4). This case meets the statutory guidelines for a possible increased sentence due to the value of the property. The record shows that three individuals suffered losses totaling $48,400 that were not covered by insurance. Wells Fargo honored a counterfeit check for $12,500, two other individuals bought vehicles from appellant totaling $13,700, and car dealerships suffered losses of $9,503. The court ordered appellant to pay restitution in the amount of $314,111.44 to cover monetary losses.

The record supports a determination that the offense involved a high degree of sophistication and planning. Appellant's crime occurred over a period of months between September 2000 and January 2001. Eight other people were involved in the scheme. False Minnesota driver's li-

censes and cashier and personal checks were created and used during the scheme.

An upward departure can be considered because appellant is a career offender. Minnesota law provides for increased sentences for offenders who commit a sixth felony.

> Whenever a person is convicted of a felony, and the judge is imposing an executed sentence based on a sentencing guidelines presumptive imprisonment sentence, the judge may impose an aggravated durational departure from the presumptive sentence up to the statutory maximum sentence if the judge finds and specifies on the record that the offender has five or more prior felony convictions and that the present offense is a felony that was committed as part of a pattern of criminal conduct.

Minn.Stat. § 609.1095, subd. 4 (2000).

■ Appellant's sixteen previous felony convictions support a finding that appellant has engaged in a pattern of criminal conduct. A pattern of criminal conduct may be demonstrated by "criminal conduct similar, but not identical, in motive, purpose, results, participants, victims or other shared characteristics." *State v. Gorman*, 546 N.W.2d 5, 9 (Minn.1996). The sentencing court may consider prior felony and gross misdemeanor convictions as well as uncharged acts of criminal conduct proved by clear and convincing evidence in determining whether a criminal pattern exists. At the sentencing hearing, the district court listed appellant's lengthy criminal history between 1984 and 1997, and stated:

> And so your record shows that you have used what intelligence you have to criminal purposes all our life. Sixteen I think was the number of convictions? * * * Controlled substance, Dakota County, Washington County, '97; receiving stolen property, Todd County; controlled

substance, Ramsey County; check forgery, McLeod County; burglary, Chisago County; simple robbery, Ramsey County; receiving stolen property, Ramsey County; unauthorized use of a motor vehicle, Ramsey County; burglary, Wright County; aggravated robbery, Washington County, that goes back to '84; and simple robbery in Ramsey County going back to '84.

Appellant began his criminal career when he turned 18 and has been arrested more than 30 times. Taking into account facts in the record and the above discussed aggravating factors, the district court did not abuse its discretion when it imposed on appellant an upward durational departure commitment to the commissioner of corrections. However the analysis does not stop with the issue of an upward departure; the next issue we must consider is how much of a departure is appropriate.

## II. Bias

■ Appellant argues that the judge's remarks during sentencing demonstrated bias and contributed to the triple upward departure which he received. We agree. Judges are expected to conform to a high standard of conduct. Canon 1 of the Code of Judicial Conduct imposes this standard "in order to preserve the integrity and independence of the judiciary." Minn. Code Jud. Conduct, Canon 1. Under Canon 2A, Judges must "respect and comply with the law and act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." Minn.Code of Jud. Conduct, Canon 2A.

At sentencing, the district court stated to appellant:

> The person who's a con man has the ability to do things at that level but is basically—and the Board on Judicial Standards told me I can't use this word

as a judge but I'll use it anyway because they're wrong—immoral. You are immoral. Completely unequivocally immoral. And the Board is wrong when they say judges can't use that term and they've told me that to my face. But I'm a free American and I can say what I please.

You are immoral. Your record reflects that you are immoral and that is the correct term. Although that belittles people, I'm told, you need to be belittled, because you are. And what you've done to these people here, you know 20 years from now they won't forget this.

The court went on to state:

You operate on a smaller scale, but you're no different, you may not be a religious fanatic, you're no different than the people who took down the World Trade Center. You're organized, you can put things together, can trick people. You can use their good will against them and pull off something, and you've done it. So as far as criminal activity goes you're very good at it. But that's not a compliment, all right? So you serve the time in prison and I hope the feds have the time to carry out their prosecution against you.

The district court's remarks during sentencing were inappropriate. No further discussion is needed.

■ Notwithstanding the court's comments, the record supports the upward departure. Appellant cites to an unpublished case, *State v. Mitchell*, No. C8–97–2040, 1998 WL 100603 (Minn.App. Mar.10, 1998), *review denied* (Minn. Apr. 14, 1998), for the proposition that the trial court did not cite the reasons for the departure, but rather engaged in personal attacks and, thus, the sentence should be set aside. In *Mitchell*, this court noted that although the district court's observations did not carefully apply the applicable legal factors, the error was harmless because the district court's comments included proper aggravating factors. The court, in *Mitchell*, stated that although the

trial court permitted the appearance of acting on emotion and dispensing with the rule of the law * * * the error of the court does not displace the rationale it announced for revoking appellant's probation.

*Id* at 2.

The court further stated,

the trial court's inflammatory remarks represent a more plausible judicial response when viewed in light of the seriousness of appellant's 1994 crime and the continuing threat appellant is to himself and others if he fails to completely correct the behavior that led to his original offense, reasons that comply with the mandate of *Austin*.

*Id.*

*Mitchell* is instructive. In this case the district court did not specifically articulate all findings for departure, but its remarks included reference to appellant's criminal career and prior record. Absent the personal remarks, the uncontested record forms the basis for our affirming a sentence with an upward durational departure. However, it is clear from the judge's comments that appellant was denied an unbiased decision-maker at sentencing. *See McKenzie v. State*, 583 N.W.2d 744, 747 (Minn.1998) (stating criminal defendant entitled to impartial tribunal). On the other hand, it is equally clear from the record that legitimate reasons to support an upward departure were present. We affirm on the issue of whether the record supports an upward durational departure, but we modify the upward departure down to double the presumptive length. *See Evans*, 311 N.W.2d at 483 (determining

that generally an upward durational departure is double the presumptive length). Appellant's sentence is modified downward to a 114–month commitment.

## DECISION

The district court's comments at sentencing denied appellant an impartial and unbiased hearing. The record does contain sufficient legitimate reasons to justify a double upward durational departure.

**Affirmed as modified.**