STATE of Minnesota, Respondent,

v.

Willie F. ADELL, Appellant.

No. A07–1264.

Court of Appeals of Minnesota.

Sept. 16, 2008.

Lori Swanson, Attorney General and Susan Gaertner, Ramsey County Attorney, Thomas R. Ragatz, Assistant County Attorney, St. Paul, MN, for respondent.

Lawrence Hammerling, Chief Appellate Public Defender, St. Paul, MN, for appellant.

Considered and decided by HALBROOKS, Presiding Judge; SCHELLHAS, Judge; and HUSPENI, Judge.*

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## OPINION

SCHELLHAS, Judge.

Appellant Willie Frank Adell challenges the district court's imposition of a double-durational departure from the presumptive sentence for first-degree criminal sexual conduct under Minn.Stat. § 609.342, subd. 1(g) (2002). Appellant argues that (1) the district court abused its discretion by relying on aggravating factors not found by the sentencing jury, (2) the sentencing jury's findings of multiple acts of sexual abuse and multiple forms of penetration were improper aggravating factors to justify an upward durational departure, (3) the double-durational departure is disproportionate to his conduct, and (4) his sentence was affected by bias on the part of the district court. We affirm.

## FACTS

In 2003, appellant Willie Frank Adell was charged with first-degree criminal sexual conduct under Minn.Stat. § 609.342, subd. 1(g) (2002), for sexually abusing C.R.F., his 14–year–old stepdaughter, from November 2002 to March 2003. Through his sexual penetration of C.R.F., appellant transmitted trichomonas to her. C.R.F. testified at trial that appellant penetrated her vaginally several times, at least 10 times with his penis and around 10 times digitally. C.R.F. also testified that appellant placed his penis in her mouth and ejaculated on at least 10 occasions. Appellant was convicted, and the district court sentenced him to 288 months' imprisonment, a double-durational departure from the 144–month presumptive sentence. This court affirmed appellant's conviction in a prior appeal, but remanded on the issue of sentencing, pursuant to *Blakely v. Washington,* 542 U.S. 296, 304, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403 (2004). *State v. Adell,* No. A03–1897, 2004 WL 2938068, at *4 (Minn.App. Dec. 21, 2004).

In March 2007, the district court presented a special interrogatory to a sentencing jury, asking it to determine (1) whether appellant committed multiple acts of sexual abuse against C.R.F., (2) whether appellant used multiple forms of penetration against C.R.F., and (3) whether C.R.F. suffered physical injury as a result of appellant's acts. The sentencing jury found that all three aggravating factors were proven beyond a reasonable doubt. The district court again sentenced appellant to 288 months' imprisonment, a double-durational departure from appellant's presumptive sentence. This appeal follows.

## ISSUES

I. Did the district court abuse its discretion in relying on aggravating factors not found by the sentencing jury?

II. Is appellant's upward-departure sentence based on proper aggravating factors?

III. Was appellant's sentence affected by bias on the part of the district court?

IV. Is appellant's sentence disproportionate to his conduct?

## ANALYSIS

"The Minnesota Sentencing Guidelines were created to assure uniformity, proportionality, rationality, and predictability in sentencing." *State v. Jones,* 745 N.W.2d 845, 848 (Minn.2008) (quotation omitted). Their purpose "is to establish rational and consistent sentencing standards which reduce sentencing disparity and ensure that sanctions following conviction of a felony are proportional to the severity of the offense of conviction and the extent of the offender's criminal history." *State v. Jackson,* 749 N.W.2d 353, 357 (Minn.2008) (quotation omitted). "[C]onsistent with *Blakely,* for felonies

other than first-degree murder the presumptive sentence prescribed by the Minnesota Sentencing Guidelines is the maximum sentence a judge may impose solely on the basis of facts reflected in the jury verdict or admitted by the defendant." *Jones,* 745 N.W.2d at 848 (quotation omitted). In *Jackson* the supreme court recently noted that "[t]he grounds provided by the guidelines for departure, while nonexclusive, are intended to apply to a small number of cases, and each departure must be based on the offense of conviction rather than charges that were dropped or never alleged." 749 N.W.2d at 357 (quotation omitted). "To maintain uniformity and proportionality, departures from the presumptive guidelines sentence are discouraged." *Id.* Under the guidelines, departures must be supported by substantial and compelling circumstances. *Id.* "Substantial and compelling circumstances are those demonstrating that the defendant's conduct in the offense of conviction was *significantly* more or less serious than that typically involved in the commission of the crime in question." *Jones,* 745 N.W.2d at 848 (quotation omitted).

■ The decision to depart from the sentencing guidelines rests within the district court's discretion and will not be reversed absent clear abuse of that discretion. *State v. Givens,* 544 N.W.2d 774, 776 (Minn.1996). We review questions of law de novo, *Jackson,* 749 N.W.2d at 357, and we review a district court's interpretation of the sentencing guidelines de novo. *State v. Myers,* 627 N.W.2d 58, 62 (Minn. 2001).

■ Although if aggravating factors are present, a district court has broad discretion to depart from a presumptive sentence, *State v. Reece,* 625 N.W.2d 822, 824 (Minn.2001), the district court's departure must be within proper boundaries:

Among the boundaries identified for proper departure is that the reasons used for departing must not themselves be elements of the underlying crime. Departures cannot be based on uncharged or dismissed offenses. Departures cannot be based on conduct underlying an offense of which the defendant was acquitted. And conduct underlying one conviction cannot be relied on to support departure on a sentence for a separate conviction.

*Jones,* 745 N.W.2d at 849 (quotation and citations omitted). Under the guidelines, the "primary relevant sentencing criteria are the offense of conviction and the offender's criminal history." *Jackson,* 749 N.W.2d at 357 (quotation omitted).

■ Prior to *Blakely v. Washington,* 542 U.S. 296, 304, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403 (2004), when we reviewed a district court's decision to depart, we were guided by the rules set forth in *Williams v. State,* 361 N.W.2d 840, 844 (Minn.1985):

1. If no reasons for departure are stated on the record at the time of sentencing, no departure will be allowed.

2. If reasons supporting the departure are stated, this court will examine the record to determine if the reasons given justify the departure.

3. If the reasons given justify the departure, the departure will be allowed.

4. If the reasons given are improper or inadequate, but there is sufficient evidence in the record to justify departure, the departure will be affirmed.

5. If the reasons given are improper or inadequate and there is insufficient evidence of record to justify the departure, the departure will be reversed.

Before *Blakely,* when the district court stated reasons for departure on the record that were improper or inadequate, our practice was to independently examine the record to determine if the record contained sufficient evidence to justify departure. *Jones,* 745 N.W.2d at 851. Following *Blakely,* our practice is different. *Blakely* has clarified that the fact-finding function must be done by the jury, unless waived by the defendant. *Jones,* 745 N.W.2d at 851. If the reasons given for departure are inadequate, we no longer examine the record to determine if it contains sufficient evidence to justify departure. *Id.* We will review the district court's determination that facts found by a sentencing jury constitute proper aggravating factors that justify an enhanced sentence, but we restrict our review of the record to those facts that have been found by the sentencing jury.

## I.

■ Appellant argues that in imposing the 288–month sentence, the district court relied on facts not found by the sentencing jury. Before sentencing appellant, the district court stated on the record that it had reviewed the transcript from appellant's 2003 trial and that

> this is one of those cases ... that I remember very, very well, and it will remain imprinted on my mind because of what occurred to [C.R.F.] and what occurred to her over the period of time and the advantage that you took of your relationship, your significant relationship to her mother and the fact that she was your stepdaughter.

The district court observed that aside from these facts, which the court called "part of

the offense itself," appellant committed "multiple acts that took place over a period of time and there were multiple forms," and that C.R.F. had been harmed "physically, emotionally and psychologically to a great extent."

■ Under *Blakely,* aggravating factors must be found by a jury or admitted by the defendant to justify a departure from the presumptive sentence. 542 U.S. at 304, 124 S.Ct. at 2537. A district court's reliance on other factors to enhance a defendant's sentence is improper. *Id.* Here, the district court mentioned aspects of appellant's case at the sentencing hearing that it found disturbing, but which were not found by the sentencing jury, e.g., the advantage appellant took of his significant relationship to C.R.F.'s mother. But appellant does not show that the district court relied on these factors not found by the sentencing jury to determine his sentence. In fact, the district court acknowledged that these factors were "part of the offense itself," and then proceeded to separately describe the aggravating factors found by the sentencing jury. Assuming that the sentencing jury's findings constitute proper reasons for departure, the district court's associated comments do not justify reversal. *See Williams,* 361 N.W.2d at 844 (holding that if the reasons given by the district court for a departure are proper, the departure will be affirmed). We conclude that the district court did not rely on facts not found by the sentencing jury in determining appellant's sentence.

Appellant argues that multiple acts of sexual abuse[1] and multiple forms of pen-

---

1. In the parties' briefs, neither refers to the sentencing jury's finding of multiple acts of sexual abuse as such. Appellant simply uses the term, "multiple acts," and respondent uses the term, "multiple acts of penetration." Multiple acts of penetration is not a factor

that was submitted to the sentencing jury for its consideration. We assume that the parties' respective terms are intended to refer to the actual aggravating factor submitted to and found by the jury: multiple acts of sexual abuse.

etration should not be used to enhance his sentence because the offense on which he was charged and convicted required only one act of penetration. *See* Minn.Stat. § 609.342, subd. 1(g) (2002). Citing *State v. Cromey*, 348 N.W.2d 759, 760 (Minn. 1984), appellant argues that the guilt-phase jury verdict implies that he is guilty of only one act, and any further findings that he committed more than one act cannot justify an upward departure. In *Cromey*, the supreme court ruled that because it was impossible to tell from the jury's general-verdict form whether the defendant was convicted of felony murder, a level IX offense, or intentional murder, a level X offense, "fairness" dictated that the defendant be sentenced for the lesser offense. *Id.* at 761.

■ But appellant's reliance on *Cromey* is misplaced. Here, appellant's sentencing jury specifically found the existence of multiple acts of sexual abuse and multiple forms of penetration. Appellant ignores the basic principle that under *Blakely*, the fact-finding function for sentence-enhancement purposes must be performed by the jury and that the sentencing jury's factual findings may justify an upward departure. *Jones*, 745 N.W.2d at 851. "[T]he district court ha[s] the inherent judicial authority to impanel a sentencing jury." *State v. Chauvin*, 723 N.W.2d 20, 24 (Minn.2006); *see also Jackson*, 749 N.W.2d at 358 (remanding for the imposition of the presumptive sentence or, unless waived, "the empanelling of a resentencing jury to determine the existence of facts in support of legitimate aggravating factors for enhanced sentencing."); *Jones*, 745 N.W.2d at 851 (remanding for imposition of the presumptive sentence or, unless waived, empanelling a resentencing jury). Assuming that multiple acts of sexual abuse and multiple forms of penetration

are valid aggravating factors in this case, the sentencing jury's findings of fact beyond a reasonable doubt are sufficient bases for the district court to enhance appellant's sentence.

## II.

■ Appellant argues that the aggravating factor of multiple acts of sexual abuse found by his sentencing jury was impermissibly used to enhance his sentence because it was based on uncharged criminal conduct. Citing Minn.Stat. § 609.342, subd. 1(h) (2002), appellant argues that the prosecution "had the option of directly charging him with a multiple acts offense instead of, or in addition to, the single act offense it chose. By charging as it did, the state had the advantage of not having to prove multiple acts (or any other factors encompassed by subd. 1(h)) beyond a reasonable doubt to establish guilt." Under Minn.Stat. § 609.342, subd. 1(h):

> A person who engages in sexual penetration with another person ... is guilty of criminal sexual conduct in the first degree if ... the actor has a significant relationship to the complainant, the complainant was under 16 years of age at the time of the sexual penetration, and:
>
> (i) the actor or an accomplice used force or coercion to accomplish the penetration;
>
> (ii) the complainant suffered personal injury; or
>
> (iii) the sexual abuse involved multiple acts committed over an extended period of time.

■ Appellant argues that because multiple acts of sexual abuse is an element of Minn.Stat. § 609.342, subd. 1(h)(iii),[2] an

2. The presumptive guidelines sentence for vi- olations of Minn.Stat. § 609.342, subd. 1(g),

offense with which appellant was not charged, "multiple acts" constituted uncharged criminal conduct. Appellant argues that because it is uncharged criminal conduct, the sentencing jury's finding of multiple acts of sexual abuse was impermissibly used to enhance his sentence. We agree that the district court's reliance upon the aggravating factor of multiple acts of sexual abuse was improper because that portion of appellant's conduct was uncharged criminal conduct. *State v. Simon,* 520 N.W.2d 393, 394 (Minn.1994) (holding that the prosecution should not "use the fact that it might have been able to obtain a conviction of a greater offense" to support a departure); *see also Jackson,* 749 N.W.2d at 357 (Gildea, J., dissenting) (observing that *Simon* precludes the prosecution from manipulating a defendant's sentence by charging him with a lesser offense and using an element of a more serious offense to justify a departure). A departure from a presumed sentence must be based on the offense of conviction rather than charges that were dropped or never alleged. *State v. Misquadace,* 644 N.W.2d 65, 68 (Minn.2002); *see also .Taylor v. State,* 670 N.W.2d 584, 588 (Minn. 2003) (stating that departures cannot be based on uncharged offenses).

 But aside from multiple acts of sexual abuse, the district court relied on two aggravating factors found by the sentencing jury: physical injury, which appellant concedes is a proper aggravating factor,[3] and multiple forms of penetration. Multiple forms of penetration is not an element of Minn.Stat. § 609.342, subd. 1(h), and appellant does not argue that multiple forms of penetration is uncharged criminal conduct.

 Appellant does, however, argue that multiple forms of penetration is not a valid aggravating factor because it is typical of the offense with which he was convicted.[4] A court may not depart from the presumptive sentence without finding that a defendant's conduct was "significantly more serious than typically involved in the commission of the offense." *State v. Best,* 449 N.W.2d 426, 427 (Minn.1989). A court must justify a departure with "substantial and compelling circumstances," *State v. McIntosh,* 641 N.W.2d 3, 8 (Minn. 2002), which are "those circumstances that make the facts of a particular case different from a typical case," *Taylor,* 670 N.W.2d at 587. "If … the evidence … does not support the conclusion that the defendant committed the instant offense for which he is being sentenced in a particularly serious way," it cannot be a valid basis for departure. *Taylor,* 670 N.W.2d at 588 (quotation omitted).

The fact that a defendant has subjected a victim to multiple forms of penetration is a valid aggravating factor in first-degree criminal sexual conduct cases. *See, e.g., Rairdon v. State,* 557 N.W.2d 318, 327 (Minn.1996); *State v. Dietz,* 344 N.W.2d

---

(h)(ii), and (h)(iii), is 144 months. Minn. Sent. Guidelines IV. But while subdivision 1(g) requires proof of fewer elements than either subdivision 1(h)(ii) or (iii) and presumes the same sentence, Minn.Stat. § 609.342, subd. 3 (2002), provides that a district court may stay a sentence for a violation of subdivision 1(g), if certain qualifications are met.

3. Appellant conceded in his brief at p. 12, and also at oral argument, that the physical injury

of C.R.F. found by the sentencing jury was properly considered by the district court in sentencing; therefore, we do not discuss the aggravating factor of physical injury.

4. Appellant makes this argument despite arguing elsewhere in his brief that the criminal conduct under Minn.Stat. 609.342, subd. 1(g), is a single-act offense and that the guilt-phase jury found him guilty of only a single act.

386, 389 (Minn.1984); *State v. Van Gorden*, 326 N.W.2d 633, 635 (Minn.1982); *State v. Morales–Mulato*, 744 N.W.2d 679, 692 (Minn.App.2008), *review denied* (Minn. Apr. 29, 2008); *State v. Sebasky*, 547 N.W.2d 93, 101 (Minn.App.1996), *review denied* (Minn. June 19, 1996); *State v. Griffith*, 480 N.W.2d 347, 351 (Minn.App. 1992). Thus, we conclude that multiple forms of penetration is not "typical" of the offense charged here and was properly considered by the district court to enhance appellant's sentence.

### III.

▮▮▮▮ Appellant also argues that judicial bias influenced the district court's sentencing decision. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of ... current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *State v. Burrell*, 743 N.W.2d 596, 603 (Minn.2008) (quoting *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994)). "[I]t is presumed that judges will set aside collateral knowledge and approach cases with a neutral and objective disposition." *Id.* (quotation omitted). To overcome this presumption, the party charging bias must "adduce evidence of favoritism or antagonism." *Id.* Appellant offers no evidence of favoritism or antagonism to overcome this presumption, aside from the district court's remarks made on the record. We have held that a district court's remarks may establish bias warranting reversal only if the court subjects a defendant to inappropriate personal remarks and fails to articulate the findings justifying a departure. *State v. Simmons*, 646 N.W.2d 564, 569–70 (Minn.App.2002), *review denied* (Minn. Sept. 17, 2002). But here the record does not reveal that the district court subjected appellant to inappropriate personal remarks or failed to articulate the findings justifying the departure. Moreover, even if appellant could make such a showing, reversal of the sentence would be inappropriate, assuming that the sentencing jury's findings constitute legitimate reasons for departure. *See id.* (holding that when supported by legitimate factors, an upward departure may be sustained despite a showing that the district court was biased).

### IV.

▮▮▮▮ Finally, appellant argues that a double-durational departure is disproportionate to his conduct. Generally, "in a case in which an upward departure in sentence length is justified, the upper limit will be double the presumptive sentence length." *State v. Evans*, 311 N.W.2d 481, 483 (Minn.1981). In past cases, we have held that "[m]ultiple penetrations alone will generally justify a double, but not greater, upward durational departure." *State v. Mesich*, 396 N.W.2d 46, 52 (Minn. App.1986) (upholding a more-than-double durational departure for first-degree criminal sexual assault that included "six different acts of sexual abuse, including various types of penetration"), *review denied* (Minn. Jan. 2, 1987); *see also State v. Butterfield*, 555 N.W.2d 526, 531 (Minn. App.1996), *review denied* (Minn. Dec. 17, 1996) (upholding a triple durational departure for first-degree criminal sexual assault involving three different forms of penetration). Appellant argues that the duration of his sentence is not fully justified when viewed in the context of current cases, rather than older cases that were decided in an era of less-restrictive presumptive terms.

The supreme court recently considered whether the legislature's changes to the

sentencing guidelines in 2005, which broadened the sentencing ranges, called for a reevaluation of the *Evans* doubling rule.[5] *Jackson*, 749 N.W.2d at 359–60. In *Jackson*, the defendant was sentenced to a double-durational departure and challenged the continued applicability of *Evans*. *Id.* The *Jackson* court held that "the continued efficacy of the *Evans* departure rule, if any, is a question more properly addressed by" the Minnesota Sentencing Guidelines Commission. *Id.* at 360. Applying *Jackson*, we reject appellant's argument that a double-durational departure is disproportionate to his conduct.

## DECISION

A sentencing jury duly found that appellant engaged in multiple forms of penetration with the victim and inflicted physical injury upon the victim. The district court properly considered multiple forms of sexual penetration as an aggravating factor, and appellant conceded the propriety of the district court's consideration of physical injury to the victim as an aggravating factor. The aggravating factor of multiple forms of penetration alone justifies a double-durational departure in this case. Appellant's sentence was not affected by judicial bias. Finally, the sentence imposed by the district court was not disproportionate to appellant's conduct.

**Affirmed.**

---

5. The changes would not apply to this case because modifications to the guidelines are applied to offenders whose date of offense is on or after the specified modification effective date. Minn. Sent. Guidelines III.F. In *Jackson,* the defendant committed the offense in 2005. *Jackson,* 749 N.W.2d at 355.