STATE OF MINNESOTA

IN SUPREME COURT

A14-1640

Hennepin County                                                                                    Wright, J.

State of Minnesota,

                                        Respondent,

vs.                                                                            Filed:  May 6, 2015
                                                                          Office of Appellate Courts
Jason Ryan Williams, petitioner,

                                        Appellant.

                            _____

Lori Swanson, Attorney General, Saint Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Jean Burdorf, Assistant Hennepin
County Attorney, Minneapolis, Minnesota, for respondent.

Jason R. Williams, Bayport, Minnesota, pro se.

                            _____

                                S Y L L A B U S

        The district court did not abuse its discretion by denying appellant's motion to

correct his sentence.

        Affirmed.

        Considered and decided by the court without oral argument.

1

O P I N I O N

WRIGHT, Justice.

Following a jury trial, the district court convicted and sentenced appellant Jason Ryan Williams for two counts of first-degree murder, one count of attempted first-degree murder, and one count of burglary. We affirmed Williams's convictions on direct appeal. *State v. Williams*, 535 N.W.2d 277, 279 (Minn. 1995).

In May 2014, Williams moved to correct his sentence, citing *Miller v. Alabama*, ___ U.S. ___, 132 S. Ct. 2455, 2469 (2012) (holding that mandatory imposition of life imprisonment without the possibility of release (LWOR) for juvenile offenders who are sentenced as adults violates the Eighth Amendment). The postconviction court denied the motion, rejecting Williams's arguments that the rule announced in *Miller* should be extended to statutory provisions that mandate the imposition of life imprisonment *with* the possibility of release and should apply to a district court's *discretionary* imposition of consecutive sentences that Williams characterizes as functionally equivalent to life imprisonment without the possibility of release. Because the postconviction court's decision is consistent with our recent rulings, including *Ouk v. State*, 847 N.W.2d 698, 701 (Minn. 2014), and *State v. Ali*, 855 N.W.2d 235, 257-58 (Minn. 2014), we affirm.

I.

Williams's convictions arose from the offenses he committed on October 12, 1992, when he was 16 years old.[1] Williams entered a home in Brooklyn Park, killed a mother and her three-year-old daughter, and severely injured her four-year-old son.

Following a jury trial, the district court entered judgments of conviction for two counts of first-degree premeditated murder, one count of attempted first-degree premeditated murder, and one count of burglary.[2] The relevant statutory scheme mandated life imprisonment *with* the possibility of release after 30 years for the first-degree murder convictions. Minn. Stat. § 244.05, subd. 4 (1994). The presumptive penalties for the attempted murder and burglary convictions were, respectively, an executed sentence of 180 months' imprisonment and a stayed sentence of 21 months' imprisonment. *See* Minn. Sent. Guidelines IV (1994). Under Minn. Sent. Guidelines II.F.2 (1994), it was within the district court's discretion to impose consecutive sentences. Based on the existence of two aggravating sentencing factors, the district court determined that the appropriate sentence for the attempted murder conviction was 240 months' imprisonment. The district court imposed a mandatory sentence of life

---

[1]     The facts of this case are provided in greater detail in *Williams*, 535 N.W.2d at 279-82.

[2]     The district court concluded that additional counts for murder and attempted murder merged with the first-degree premeditated murder and attempted first-degree premeditated murder counts. Consequently, Williams was sentenced only for the first-degree premeditated murder convictions, the first-degree attempted premeditated murder conviction, and the burglary conviction.

imprisonment with the possibility of release for each first-degree murder conviction, a sentence of 240 months' imprisonment for the attempted murder conviction, and a sentence of 18 months' imprisonment for the burglary conviction. The district court ordered each sentence to be served consecutively, resulting in an aggregate sentence of at least 74 years in prison.[3] Williams appealed his convictions, arguing that the district court prejudicially erred by admitting evidence of his confession. *Williams*, 535 N.W.2d at 279. We affirmed Williams's convictions. *Id.*

Nineteen years later, on May 14, 2014, Williams moved to correct his sentence under Minn. R. Crim. P. 27.03, subd. 9,[4] based on the rule announced by the United States Supreme Court in *Miller*, ___ U.S. at ___, 132 S. Ct. at 2469. Under *Miller*, statutory provisions that mandate the imposition of an LWOR sentence for juvenile offenders sentenced as adults violate the Eighth Amendment to the United States Constitution because they preclude judicial consideration of an offender's youth and attendant characteristics. ___ U.S. at ___, 132 S. Ct. at 2468-69. Williams argued that the rule announced in *Miller* should apply both to statutory provisions that mandate the

---

[3]    Williams must serve a minimum prison term of 30 years for each murder conviction, *see* Minn. Stat. § 244.05, subd. 4 (1994), a minimum prison term of 160 months for the attempted murder conviction, and a term of 12 months for the burglary conviction. *See* Minn. Stat. § 244.04, subd. 1 (2014) (providing for a "good time" reduction in fixed sentences at a rate of one day for each two days during which the inmate commits no rule violations).

[4]    We need not decide whether the two-year postconviction statute of limitations in Minn. Stat. § 590.01, subd. 4 (2014), applies to a motion to correct a sentence under Minn. R. Crim. P. 27.03, subd. 9, because the State has not raised the limitations period and Williams's claims fail on their merits.

4

imposition of life imprisonment *with* the possibility of release and to the imposition of consecutive sentences that are the functional equivalent of life imprisonment without the possibility of release. The postconviction court denied Williams's motion. This appeal follows.

## II.

We review a postconviction court's denial of a motion to correct a sentence for an abuse of discretion. *Ouk*, 847 N.W.2d at 701 (citing *Townsend v. State*, 834 N.W.2d 736, 738 (Minn. 2013)). A postconviction court "abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *Riley v. State*, 792 N.W.2d 831, 833 (Minn. 2011).

Williams argues that we should apply the rule announced in *Miller* to a mandatory sentence of life imprisonment with the possibility of release. We disagree. As we explained in *State v. Vang*, because a mandatory sentence of life imprisonment *with* the possibility of release after 30 years is "not tantamount to a death sentence" when applied to a juvenile offender, it "does not constitute cruel and unusual punishment under the Eighth Amendment and the principles of *Miller*." 847 N.W.2d 248, 262-63 (Minn. 2014). This determination also is consistent with our ruling in *Ouk* that a mandatory sentence of life imprisonment with the possibility of release after 30 years "does not violate the rule announced in *Miller* because it does not require the imposition of the harshest term of imprisonment: life imprisonment without the possibility of release." 847 N.W.2d at 701. Williams has not articulated, nor can we discern, any reason to depart from our holdings in *Vang* and *Ouk*.

5

Williams also seeks to extend the rule announced in *Miller* to a district court's discretionary imposition of consecutive sentences that, as he contends, are the functional equivalent of life imprisonment without the possibility of release. We decline to do so. As we explained in *Ali*, the statutory provision *mandating* the imposition of an LWOR sentence was the crucial factor in *Miller* because it prevented consideration of the defendant's youth. 855 N.W.2d at 258. Unlike the mandatory LWOR sentences in *Miller*, the decision to impose concurrent or consecutive sentences rests within the discretion of the district court. Minn. Stat. § 609.15, subd. 1(a) (2014); *see State v. Warren*, 592 N.W.2d 440, 451 (Minn. 1999) ("Sentencing is within the discretion of the trial court absent an abuse of discretion."); Minn. Sent. Guidelines 2.F.2.a(1)(ii) (2014) (permitting a district court to sentence those convicted of first-degree murder to consecutive sentences). Here, the district court exercised its discretion by imposing consecutive sentences after it considered all of the aggravating and mitigating circumstances specific to the crimes that Williams committed.[5] Because the imposition

---

[5] Williams also argues that his sentences were disproportionate among the classes of adult and juvenile offenders and disproportionate to the crimes he committed. We disagree. The presentence investigation provided the district court with detailed information regarding Williams's age and youth-related factors, including his family home environment. Moreover, the gravity of Williams's offenses is difficult to overstate. Williams's burglary ended with the death of a mother and child, and grave injuries to a second child. During sentencing, the district court referred to Williams's brutality and lack of remorse, compassion, or excuse. A comparison of the severity of Williams's sentences to the gravity of the crimes of murder, attempted murder, and burglary does not lead to an inference of "gross disproportionality." *See, e.g.*, *Harmelin v. Michigan*, 501 U.S. 957, 1005 (1991) (Kennedy, J., concurring); *see also Ali*, 855 N.W.2d at 257 n.23 (juvenile sentenced to minimum of 60 years in prison for two counts first-degree murder); *Ouk*, 847 N.W.2d at 700 n.4 (juvenile sentenced to minimum of 80 years in

(Footnote continued on next page.)

6

of consecutive sentences was discretionary—not mandatory—Williams's reliance on *Miller* is misplaced.

## III.

In sum, the postconviction court's denial of Williams's motion to correct his sentence was not based on an erroneous view of the law, nor was it against logic and the facts in the record. Because the postconviction court's ruling was consistent with our recent decisions in *Ouk* and *Ali*, and its ruling was a sound exercise of its discretion, we affirm.[6]

Affirmed.

---

(Footnote continued from previous page.)
prison for two counts of first-degree murder and two counts of attempted first-degree murder). Because Williams's sentences are neither categorically nor comparatively disproportionate, they do not violate the Eighth Amendment. Therefore, the district court did not abuse its discretion when it denied Williams's motion.

[6] Because Williams's claims fail on the merits, we need not consider his argument that we should revisit whether the *Miller* rule should be applied retroactively to sentences that became final before the rule was announced.