*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1926**

State of Minnesota,
Respondent,

vs.

Arthur Charles Huffman,
Appellant.

**Filed July 11, 2016
Affirmed
Peterson, Judge**

Wabasha County District Court
File No. 79-CR-14-131

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Scott A. Hersey, Special Assistant Wabasha County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jennifer Workman Jesness, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Peterson, Presiding Judge; Bjorkman, Judge; and Rodenberg, Judge.

**U N P U B L I S H E D   O P I N I O N**

**PETERSON**, Judge

In this appeal challenging the imposition of consecutive sentences for convictions

of first-degree criminal sexual conduct, domestic assault by strangulation, and terroristic

threats, appellant argues that his total sentence of 196 months and two days unfairly exaggerates the criminality of his conduct. Because the district court did not abuse its discretion by imposing consecutive sentences, we affirm.

**FACTS**

Appellant Arthur Charles Huffman was charged with eight counts of first-degree criminal sexual conduct, one count of domestic assault by strangulation, and three counts of terroristic threats as a result of events that occurred during one night in February 2014. This court described the events in the opinion issued in Huffman's initial appeal. *See State v. Huffman*, No. A14-1363, 2015 WL 1757966, at *1 (Minn. App. Apr. 20, 2015), *review denied* (Minn. June 30, 2015). A jury found Huffman guilty of three counts of first-degree criminal sexual conduct (oral, vaginal, and digital penetration), one count of domestic assault by strangulation, and one count of terroristic threats. The jury also found that Huffman used force and coercion in the commission of each of the criminal-sexual-conduct offenses. The district court imposed concurrent sentences of 360 months for one of the criminal-sexual-conduct convictions, 33 months for the domestic-assault conviction, and 33 months for the terroristic-threats conviction.

Huffman raised several arguments in the initial appeal. *See id.* at *2-9. Regarding the entry of convictions, this court determined that the district court erred by entering convictions on more than one count of first-degree criminal sexual conduct but did not err by entering convictions on the counts of domestic assault by strangulation and terroristic threats. *Id.* at *5-6. Regarding the sentence, this court determined that the district court incorrectly calculated Huffman's criminal-history score and erred by imposing a

2

durational-departure sentence for criminal sexual conduct without prior written notice to Huffman and without making necessary findings. *Id.* at *6-8. This court reversed in part and remanded for resentencing. *Id.* at *5, 7-8.

On remand, the district court imposed consecutive sentences of 172 months for the criminal-sexual-conduct conviction and one year and one day each for the domestic-assault-by-strangulation and terroristic-threats convictions. The district court noted that the crimes involved "multiple forms of penetration" and "gratuitous violence" and that the victim "was treated in a particularly degrading way." This appeal follows.

## D E C I S I O N

Appellate courts "afford the [district] court great discretion in the imposition of sentences and reverse sentencing decisions only for an abuse of that discretion." *State v. Soto*, 855 N.W.2d 303, 307-08 (Minn. 2014) (quotation omitted). "[T]he decision to impose concurrent or consecutive sentences rests within the discretion of the district court." *State v. Williams*, 862 N.W.2d 701, 703 (Minn. 2015).

"Generally, when an offender is convicted of multiple current offenses . . . concurrent sentencing is presumptive." Minn. Sent. Guidelines 2.F (2012). But the criminal code provides that

> a prosecution or conviction for committing [first- through fourth-degree criminal sexual conduct] with force or violence is not a bar to conviction of or punishment for any other crime committed by the defendant as part of the same conduct. If an offender is punished for more than one crime as authorized by this subdivision and the court imposes consecutive sentences for the crimes, the consecutive sentences are not a departure from the Sentencing Guidelines.

3

Minn. Stat. § 609.035, subd. 6 (2012). The imposition of consecutive sentences in accordance with section 609.035, subdivision 6, is "always permissive and there is no dispositional departure if the sentences are executed." Minn. Sent. Guidelines 2.F.2.a.(2)(iii).

Huffman had a criminal-history score of zero for the purpose of sentencing him on his criminal-sexual-conduct conviction, and he received a presumptive guidelines sentence of 172 months for that conviction. *See* Minn. Sent. Guidelines 4.B (2012) (providing for presumptive commitment and discretionary range between 144 and 172 months for first-degree criminal sexual conduct with zero criminal-history score); *see also* Minn. Sent. Guidelines cmt. 2.C.02 (2012) ("Any sentence length given that is within the range of sentence length shown in the appropriate cell on the applicable Grid is not a departure from the Guidelines . . . .").

"For each felony offense sentenced consecutively to another felony offense(s), the court must use a Criminal History Score of 0 . . . to determine the presumptive duration. A consecutive sentence at any other duration is a departure." Minn. Sent. Guidelines 2.F.2.a. For an offender with a criminal-history score of zero, the presumptive sentence for domestic assault by strangulation and for terroristic threats is a stayed sentence of one year and one day. *See* Minn. Sent. Guidelines 4.A (2012) (providing for presumptive stayed sentence of one year and one day for crime of severity level of four with zero criminal-history score); Minn. Sent. Guidelines 5.A (2012) (assigning severity level of four to crimes of domestic assault by strangulation and terroristic threats). Huffman received sentences of the presumptive duration for each of these crimes, and, under the sentencing

4

guidelines, the district court's execution of the sentences was not a dispositional departure. *See* Minn. Sent. Guidelines 2.F.2.a.(2)(iii).

Huffman acknowledges that he received presumptive guidelines sentences and that consecutive sentencing is permissive in this case. But he argues that the resulting sentence unfairly exaggerates the criminality of his conduct. "The district court abuses its discretion in imposing consecutive sentences when the resulting sentence unfairly exaggerates the criminality of the defendant's conduct." *State v. Vang*, 774 N.W.2d 566, 584 (Minn. 2009). "In determining whether a sentence has exaggerated the criminality of a defendant's conduct, [an appellate court] will take guidance from past sentences imposed on similarly situated defendants." *Id.*

The district court identified the multiple forms of penetration and Huffman's treatment of the victim as factors relevant to sentencing. Appellate courts have affirmed significant upward durational departures in criminal-sexual-conduct cases involving multiple forms of penetration and particularly cruel treatment of the victim. *See, e.g.*, *State v. Vance*, 765 N.W.2d 390, 393, 395-96 (Minn. 2009) (stating that "[w]e have previously concluded that a double upward durational departure is appropriate on finding particular cruelty [to the victim] alone" and affirming 288-month sentence, a departure from presumptive 144-month sentence, for first-degree criminal sexual conduct based on factors of particular cruelty to victim and multiple forms of penetration); *State v. Adell*, 755 N.W.2d 767, 770, 775-76 (Minn. App. 2008) (stating that "multiple penetrations alone will generally justify a double . . . upward durational departure" and affirming 288-month sentence, a departure from presumptive 144-month sentence, for first-degree criminal

sexual conduct based on factors of physical injury to victim and multiple forms of penetration (quotation omitted)), *review denied* (Minn. Nov. 25, 2008). Huffman committed multiple forms of penetration. He also slapped the victim repeatedly, pulled her hair, spit in her face, hit her, bit her face, punched her in the head and ribs, strangled her, and threatened her. *See Huffman*, 2015 WL 1757966, at *1. The victim testified that she could not breathe while Huffman was strangling her and that she "thought [she] was going to die." Based on a comparison of Huffman's total sentence of 196 months and two days to the sentences imposed on similarly situated defendants, the imposition of consecutive sentences does not unfairly exaggerate the criminality of Huffman's conduct.

Huffman correctly points out that consecutive sentences are commonly imposed in cases that involve multiple victims. *See State v. Ali*, 855 N.W.2d 235, 259 (Minn. 2014) ("In cases with multiple victims, consecutive sentences are rarely, if ever, disproportionate to the offense."). But the statutes and sentencing guidelines also explicitly permit consecutive sentencing when first-degree criminal sexual conduct was committed with force or violence as part of the same course of conduct as other crimes. *See* Minn. Stat. § 609.035, subd. 6; Minn. Sent. Guidelines 2.F.2.a.(2)(iii). The district court did not abuse its discretion by imposing consecutive sentences.

**Affirmed.**